## THOMAS v. BREWER.

1. **Statute of Limitations:** PAYMENT: FORECLOSURE SALE. A payment realized on a note by a proceeding *in rem* against mortgaged property, to which the debtor does not appear, is not such a payment as implies an acknowledgment of liability affecting the running of the statute of limitations.

2. ———: RESIDENCE: ABSENCE FROM STATE. Under the statutes of Nebraska, where a debtor has his usual place of residence in the State the time of his absence from the State, with the intention of returning to such residence as his home, will not be deducted in computing the statutory period of limitations.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, DECEMBER 14.

ON the 8th day of November, 1878, the plaintiff filed in the office of the clerk of the Circuit Court a claim against the defendant, upon a promissory note executed by Milton Chamberlain, at Fremont, Nebraska, April 4, 1870, payable six months after date. The defendant, for answer, alleged that the cause of action was barred by the statute of limitations of the State of Nebraska. The plaintiff replied, that between the 11th day of September, 1873, and the 24th day of March, 1878, Chamberlain was absent from, and resided beyond the limits of the State of Nebraska, for a period of one or two years, and that in consequence thereof the claim is not barred.

The cause was tried to a jury; a verdict was returned, and a judgment rendered for the defendant. The plaintiff appeals. The material facts are stated in the opinion.

*Jacob Sims* and *Sapp, Lyman & Ament,* for the appellant.

*Clinton, Hart & Brewer,* for the appellee.

DAY, J.—There is indorsed upon the note a credit of $500, dated April 29, 1871, and a further credit of $200, dated

May 29, 1871. There is also a further credit upon said note, dated September 11, 1873, as follows: "Received from proceeds of sale of mortgaged premises, on the within note, six hundred and fifty dollars." It was admitted that the last indorsement was made by subjecting to sale mortgaged property, under a judgment recovered without personal service on Mr. Chamberlain.

The following provisions of the statutes of Nebraska were introduced in evidence:

Page 525, Sec. 5. "Civil actions can only be commenced within the time prescribed in this title, after the cause of action shall have accrued."

Sec. 10. "Within five years an action upon a specialty, or any agreement, contract, or promise in writing, or foreign judgment."

Page 526, Sec. 20. "If, when a cause of action accrues against a person, he be out of the State, or shall have absconded, or concealed himself, the period limited for the commencement of the action shall not begin to run until he come into the State, or while he is absconded or concealed; and if, after the cause of action accrues, he depart from the State, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

Page 527, Sec. 22. "In any cause founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made in writing, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise."

Page 534, Sec. 69. "Service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence at any time before the return day."

Chamberlain died in April, 1878, at Council Bluffs.

Thomas v. Brewer.

I.  The plaintiff asked the court to instruct the jury as follows:  "The last payment indorsed on the. note, under

1. STATUTE of limitations: payment: foreclosure of mortgage. date of September 11, 1873, though made as the proceeds of the proceedings in Nebraska foreclosing the mortgage given to secure the note in question, upon service by publication, is such a payment as the statute of limitations of the State of Nebraska provides shall stop the running of the statute, and if you find that such payment was made, then this action is not barred by the statute of limitations of the State of Nebraska."  The court refused to give this instruction, and instructed as follows:  "If the payment shown on the back of the note, bearing date September 11, 1873, was a voluntary one made by M. Chamberlain, then the statutory period of limitation would not commence to run until the date of such payment. But if such last named payment was made from the proceeds of the sale of property mortgaged to secure this note, and was realized from the sale of such property on a foreclosure proceeding wherein the only service of notice was by publication, and in which the said Chamberlain did not appear, then the payment so realized and certified on the note would not be such a payment as would affect the question of the time when the statute of limitations would commence to run."

The giving of this instruction, and the refusal to give the one asked, is assigned as error.  We think the action of the court is correct.

The principle upon which part payment enlarges the time within which an action may be brought is that part payment on account of a claim is an acknowledgment by the debtor of his liability upon the whole demand, and from this acknowledgment a new promise to pay the residue is implied. *Harper v. Fairley*, 53 N. Y., 442.  No payment can fall within this principle which was enforced by a mere proceeding *in rem*, without any act upon the part of the debtor.

II.  The plaintiff assigns as error the giving of the fol-

lowing instruction: " If said Chamberlain was an unmarried man, and had no residence in Nebraska, except such as he acquired by having his board and lodging at the house of some other party while he was there, then when he went out of the State he would leave no 'place of residence' behind him in said State, and, in this case, all such periods of absence should be deducted in computing the time of the limitation. But if said Chamberlain, although an unmarried man, had in the State of Nebraska a permanent residence, that is, a house or rooms which he owned or leased, and which he furnished as and for his home and place of residence, and which he still held as his residence and home while temporarily absent, then, and in such a case as this, a temporary absence from the State for the purposes of prosecuting his business or recruiting his health, or visiting his friends or relatives, if he still kept such a place of residence publicly in the State of Nebraska, and had an ever-present intention of returning thereto as his home, then such temporary absence from the State, under the circumstances above supposed, are not such absences as ought to be deducted in computing the statutory period of limitation."

*2. ———: residence: absence from state.*

It is insisted that this instruction does not properly construe the statute of limitations of the State of Nebraska, above set out.

This instruction is in entire harmony with, and is fully justified by, *Blodgett v. Utley*, 4 Neb., 25, in which, construing this statute, it was held that the mere temporary absence of a debtor from the State, when he has a usual place of residence therein where service of summons can be had upon him, does not suspend the statute of limitations.

In *Seymour v. Street*, 5 Neb., 85, cited and relied upon by appellant Holly, the maker of the mortgage sought to be foreclosed, was a non-resident of the State from 1861 until the commencement of the action in September, 1869. He had been twice elected a member of the territorial legislature

of Colorado, and in the years 1865 and 1866 he held the office of judge of the District and Supreme Court of that Territory. It was held that the fact that his wife remained in Nebraska City did not, under the circumstances, make that his usual place of residence. The absence in this case partook of a permanent character, and was not of the temporary nature referred to in the instruction in the case at bar.

We think the instruction follows the construction placed upon the statute of Nebraska by the Supreme Court of that State, and that it is correct.

III. It is claimed that, conceding the statute of limitations to commence to run on the 29th day of May, 1871, the evidence does not show that Milton Chamberlain had a place of residence within the State of Nebraska for five years between that date and the date of his death, in April, 1878. We have carefully examined the testimony upon this point, and we unite in the opinion that the finding of the jury upon this branch of the case is not so wanting in testimony to support it as to justify us in disturbing the verdict upon that ground.

IV. Certain letters written by Chamberlain in February, 1873, were introduced in evidence. It is claimed that these establish an admission of the existence of the debt at that date. These letters were submitted to the jury under instructions to which no exception was taken. The jury did not find that the letters related to the debt in question, and the finding, we think, is clearly correct.

V. The plaintiff offered in evidence the transcript of the proceedings had in the foreclosure case against Chamberlain, in 1873. This evidence was excluded on defendant's objection. It is claimed that it should have been admitted, as it contains an affidavit of the non-residence of Chamberlain when the action was brought, and would tend to establish that fact. The fact that Chamberlain was proceeded against as a non-resident in the foreclosure proceeding, in which he made no

appearance, would not be competent proof of non-residence in this case. Besides, there is no conflict in the evidence that during the whole of the year 1873, in which this foreclosure suit was' brought, Chamberlain was a conductor on the C., B. & Q. Railroad in Iowa. If the evidence was competent the rejection of it worked no prejudice.

AFFIRMED.