ELLEN .L. BENTON *v.* U. S. HOLLAND.

PHILANDER HANKS, ADM'R, *v.* HOLLAND & PARKER.

*Statute of Limitations. Payment by Assignee. Insolvent Law.*

A payment made by an assignee under order of court in a proceeding in insolvency will not interrupt the running of the Statute of Limitations; and this is so, although the United States Bankrupt Act was in force at the time.

ASSUMPSIT. Heard on an agreed statement, June Term, 1885, VEAZEY, J., presiding. Judgment for the defendant.

The facts in their legal effect were similar in both cases. In both the Statute of Limitations was a bar, unless the payments made by the assignee had interrupted its running. The defendants were partners, and were adjudged insolvent debtors, August 20, 1877, on a creditor's petition, by the court of insolvency for the district of New Haven, under the State Insolvent Act, approved November 28, 1876. Amos Wetherbee was chosen and appointed assignee, who took possession of the debtor's estate under an order of assignment by the said court, and converted the same into money. The assignee settled his account with the court, January 29, 1878; and thereupon the court ordered him to pay fifteen cents and two mills on each dollar of debts proved. "In pursuance of said order of dividend, and without objection or resistance by said debtors, said assignee paid such dividend; and as the dividend of the notes in suit, paid on said first note, February 19, 1878, $26.59; and on said second note, February 19, 1878, $110.56."

*J. H. Lucia,* for the plaintiffs.

The payments delayed the operation of the statute six years from their respective dates. R. L. s. 975; *Ayer v. Hawkins,* 19 Vt. 26; *Goodwin v. Buzzell,* 35 Id. 9.

Benton v. Holland.

" Payment of part of a promissory note unaccompanied by any fact or circumstance at the time of payment to show that the remainder is not due, implies that the rest of the note is due." See *Minniece* v. *Yeter*, 65 Ala. 222.

The English, Massachusetts, and other cases, cited by the defendant, were under valid laws.

The payments in those cases were by virtue of legal and binding orders of courts having jurisdiction both of the person and the subject-matter. The U. S. Bankrupt Act continued in force until September 1, 1878. Laws of 45th Congress, 2d sess. c. 160, p. 99.

A national bankrupt law supersedes or suspends a state insolvent law; and while such national law is in force, proceedings against a debtor under the insolvent laws of a State are unauthorized and void. *Griswold* v. *Pratt*, 9 Met. 16.

The legislature had no authority in 1876, when the national act was in force, to pass an insolvent law. The payment of the dividend was a part payment on account of the debt. *Kimberly* v. *Ely*, 6 Pick. 440.

So when a debtor assigns his property to an assignee and directs him to apply the proceeds of the assigned property to the payment of his debts, a payment by such assignee will be a good answer to a plea of the Statute of Limitations. *Letson* v. *Kenyon*, 18 Rep. 302. See *Creighton* v. *Vincent*, 10 Ore. 56; *Burnett* v. *Snyder*, 45 N. Y. Sup. Ct. 577; *Wisner* v. *Stein*, 97 Pa. St. 322.

*Wales & Wales* and *W. L. Burnap*, for defendants.

A payment works a renewal of a debt only when made by the debtor, or under his authority, and when it implies a promise to pay the balance. It is the promise which reanimates the debt. *Goodwin* v. *Buzzell*, 35 Vt. 9; *Deyo* v. *Jones's Ex'r*, 19 Wend. 491; *Bell* v. *Morrison*, 1 Pet. 351 (26 U. S. bk. 7, L. ed. 175).

The assignee is not the agent of the debtor, but an officer

of the law. A payment of dividends by him does not imply a promise by the debtor to pay the balance. *Roscoe* v. *Hale,* 7 Gray, 274; *Stoddard* v. *Doane,* 7 Gray, 387; *Richardson* v. *Thomas,* 13 Gray, 381; *Roosevelt* v. *Mark,* 6 Johns. Ch. 291-2; *In re Kingsley,* 1 Lowell, 216. The rule is the same in a case of voluntary assignment. *Pickett* v. *Leonard,* 34 N. Y. 175; *Marienthal* v. *Mosler,* 16 Ohio St. 566.

The opinion of the court was delivered by

TAFT, J. Assumpsit to recover the amount due on promissory notes. Plea, Statute of Limitations. The claims in suit are barred unless kept alive by payment made by an assignee in a proceeding in insolvency, which the plaintiff claims was invalid for the reason that it was had while the United States Bankruptcy Law was in force. It is conceded in argument that payment made by an assignee under valid proceedings is not such a payment as to interrupt the running of the statute as against the original debtor. The plaintiff claims that by reason of the alleged invalidity of the proceedings, the payment made by the assignee had the same effect to keep the claim alive as though made by the debtor himself. It is law in this State that part payment of a debt, if made without protestation against further liability, is a recognition and acknowledgment of the debt, from which a promise to pay the residue will be implied. *Ayer* v. *Hawkins,* 19 Vt. 26; *Goodwin* v. *Buzzell,* 35 Vt. 9. A part payment of the debt must be made under such circumstances that a promise to pay the remainder can be implied from them. The case at bar does not depend upon the validity or invalidity of the insolvency proceedings, but upon the circumstances attending the payment. Can you imply from the circumstances in this case a promise to pay the amount remaining due on the notes? We think not. The payment was made by one who was not a party to the contract, and under no obligation to pay the debt; and it would be unreasonable to say that it carried with it any

evidence of a renewed promise of the defendants to pay what remained due. After the insolvent proceedings were commenced the defendants did nothing, save to submit to. them. They permitted their property to be taken and applied upon the claims against them for the purpose of extinguishing the demands, not of recognizing them as continuing liabilities. Their whole purpose was to end them. The creditors took the defendants' property at the time the proceedings were begun, and took it, the debtors not objecting, by force of, or rather under the forms of, law, and the assignee acting for the creditors made the payment; and, as was said in *Bowker* v. *Harris*, 30 Vt. 424: "It would be doing violence to the obvious reason and sense of the transaction to imply from it a promise to pay. The implication is directly the other way." It has been held in Iowa that an *enforced* part payment will not affect the running of the statute. *Thomas* v. *Brewer*, 7 N. W. Rep. 571. The payments in the case at bar, bear a strong resemblance to enforced ones.

Let the judgments be affirmed.