CHARLES C. BLAIR, *et al.*, Respondents, *v.* PATRICK LYNCH, Appellant.

*Court of Appeals, April* 19, 1887.

Reversing same case, 35 Hun, 663, Mem.

1. *Limitation of actions. Payment.*—A payment obtained from the debtor through a pressure of an examination in proceedings supplementary to execution and an order of the court, does not stop the running of the statute of limitation, or revive the claim. The efficacy of a payment to avert the effect of the statute as a bar resides in the conscious and voluntary act of the debtor, explainable only as a recognition and confession of the existing liability.

2. *Same. Question for the jury.*—Where two contracts have been proven, upon either of which the payment might have been intended to apply, and upon one or both of which it must have been applied, the question of application, under proper instructions from the court, should have been submitted to the jury; and a direction of a verdict for the plaintiff, in such case, was error.

Action to recover from defendant a balance claimed to be due upon a loan made to him.

The defendant pleaded the statute of limitations, and it was conceded that the statute was a bar unless its effect was averted by payments.

Plaintiffs proved that they, under the direction of defendant, brought suit upon notes given by another party for the loan, obtained judgment, and collected from him, on supplementary proceedings, the sum of $450; and also that defendant paid to them $1,800.

Thereafter the following agreement was executed:

"For and in consideration of the sum of $1,800, this day paid by Patrick Lynch, the receipt of which is hereby acknowledged, we hereby sell and assign one-half of our interest in the above-described bond and mortgage, and

hereby agree with the said Patrick Lynch to pay over to him one-half of all the moneys hereafter collected upon said bond and mortgage, and said Patrick Lynch is the owner of a one-half interest in the said bond and mortgage, and hereby agrees to pay one-half of all expenses incurred in the collection of the same.

"BLAIR & TRUESDELL.

"SYRACUSE, *November* 25, 1873."

The court directed a verdict for the plaintiff and defendant excepted.

*Louis Marshall*, for appellant.

*Forbes, Brown & Tracy*, for respondents.

FINCH, J.—If we assume that the learned trial judge correctly decided that the plaintiffs' evidence was sufficient to establish the contract pleaded beyond any necessity for submitting that question to the jury, because there was no direct contradiction of the witnesses, and the circumstances tending to raise doubt or suspicion were more than balanced by the silence of the defendant, who might have made an effectual denial,—an assumption not above criticism, and as to which we do not all agree,—there yet remains a material question which, if not decided in favor of the defendant, should at least have been submitted to the jury.

The statute of limitations was pleaded as a defense, and confessedly barred the right of recovery unless the debt was revived by a payment upon it. So far as such payment is sought to be deduced from the collection by plaintiffs of the sums obtained from John O. S. Lynch through the pressure of an examination and an order of the court, it is quite clear that the effort must fail. The efficacy of a payment to avert the effect of the statute as a bar resides in the conscious and voluntary act of a debtor, explainable only as a recognition and confession of the existing liability.

But here there was no act of the defendant. He paid nothing to the plaintiffs. The man who did pay was not his agent, or acting, or authorized to act, in his behalf. The payment which he made was on his own debt to plaintiffs, and not on defendant's contract with them. The very existence of that contract was unknown to him, and the fact of his payments unknown to defendant until after they were made. The debtor paying did so by compulsion, and not in obedience to any direction or request of the defendant. The money paid never belonged to the latter, but passed from the ownership of John O. S. Lynch to that of the plaintiffs. Its transfer was in no respect the act of the defendant, and could serve to indicate no purpose or intention of his. One must go outside of the act, and busy himself with spoken words and debatable inferences, changing its inherent and obvious character before it can be connected with the defendant, and then it amounts only to a direction that plaintiffs should collect from their debtor a sum due to them, and, when that remedy was exhausted, a promise that the defendant would take the security and pay the balance remaining. If those payments operated to reduce the defendant's liability, it was not through any act or agency of his, and their existence indicates absolutely nothing as a recognition or admission on his part. They were entirely consistent with a denial by him of any liability whatever, and with an utter repudiation of the alleged contract. They might equally have been made if plaintiffs had held the claim in their own right, having no recourse against the defendant, and so open to a complete explanation in no manner dependent upon any purpose or intention of his. We should infringe a very wise and valuable rule of evidence if we gave to the act of John O. S. Lynch a constructive effect amounting to recognition of a contract by the defendant, the existence of which he could nevertheless consistently dispute.

The other payment relied upon was that of $1,800, in

exchange for which the plaintiffs executed and delivered to the defendant an assignment of one-half of the Slattery mortgage. The consideration for this payment was expressed in writing by the parties concerned; and the terms of that instrument, so far from purporting a payment upon the contract pleaded, are on their face, and without explanation, inconsistent with the existence of that contract. The writing expresses that the payment was made upon a contract of purchase, and in full discharge of that contract. It not only fails to admit that something more might be due or become due, but negatives any such inference. It speaks of the mortgage as being the property of the plaintiffs, and involves the concession that only one-half of it became the property of the defendant, and that by a purchase then and there made. Stopping with the written paper, the conclusion is irresistible that the $1,800 was paid upon a contract of purchase made at its date, and not upon a broader one already existing. But the plaintiffs offer an explanation. Having proved a previous agreement, by the terms of which they were to obtain the mortgage for defendant, and hold and enforce the legal title for his benefit, looking to him for direction and for the reimbursement of their unpaid advances, they further testify that the $1,800 was one-half of the $3,600 which that contract called for, and that after such payment they demanded of defendant the balance remaining due, which he promised to pay. They then argue that the assignment made was a transfer of the legal title *pro tanto* for the protection of the defendant, and that both the assignment and the payment made were consistent with the contract of agency alleged, and were steps in furtherance and in execution of that principal contract. By that process they seek to show that the payment of $1,800 was made and accepted upon the contract pleaded.

The question is not without its difficulties. It cannot be decided in favor of plaintiffs as a pure question of law.

The most that they can reasonably claim is that it raised question of fact, or a mixed question of law and fact. Adhering to the assumption upon which our reasoning has been founded, that the contract of agency was proved beyond contradiction, and to be taken as a conceded fact, we have a case in which two contracts have been proved, upon either of which the $1,800 might have been intended to apply, and upon one or both of which it must have been applied. The writing indicates one application; the conversations another. It does not solve this difficulty, to say that the assignment was but an incident in the execution of the principal contract, for the defendant may have intended not to recognize or admit it by a payment upon it, and for that very reason have made a special contract of purchase, upon which alone his money should be applied, and which only he would recognize. The facts proved admit of conflicting inferences; and it seems to us, therefore, that the question whether the payment made in form upon the contract of purchase was also made and accepted upon the contract of agency within the intent of the parties was a question which, under proper directions from the court, should have been submitted to the jury. The defendant asked to go to the jury upon all the evidence in the case as to such matters as the court should direct, but the request was refused; the court holding that there were no questions of fact, and directing a verdict for plaintiffs. To this there was an exception, which we think points out error.

The judgment should be reversed, and a new trial granted; costs to abide the event.

All concur, except RUGER, C. J., not sitting.