## LANG *v.* GAGE.

The defendant signed a note as surety, and the principals gave him a mortgage to secure his liability. Afterwards he assigned the mortgage to a savings bank, of which he was an officer, to be held as security for this and other similar notes mentioned in it. The bank foreclosed and sold the property, and from time to time the defendant, as an officer of the bank, paid various sums on the note from the proceeds, some of the payments being made within six years before the commencement of the suit. *Held*, that payments so made were not evidence from which the jury could find a new promise by the defendant.

ASSUMPSIT, on the promissory note of C. and J. C. Gage and the defendant for $2,000, dated December 25, 1874, and payable to the plaintiff on demand. Writ dated September 14, 1888. Plea, the statute of limitations; replication, a new promise.

On the note are the following endorsements: Oct. 12, 1875, one year's interest; Jan. 3, 1877, one year's interest; Dec. 21, 1877, one year's interest; Dec. 23, 1878, one year's interest. "Oct. 5, 1881, received of Penacook Savings Bank $150. Jan. 20, 1882, received of Penacook Savings Bank $150. Jan. 9, 1883, received on the within note $100. Nov. 28, 1883, received of Penacook Savings Bank $125. Dec. 2, 1884, received of S. F. Brown, assignee, $70. Dec. 2, 1885, received of assignee of Penacook Savings Bank $1,000, paid in accordance with the report of the commissioner."

All the endorsements after 1878 (except that of Nov. 28, 1883)

were made by the defendant, and the money was paid by him to the plaintiff. He was, and the plaintiff knew that he was, a surety for C. & J. C. Gage.

May 19, 1877, C. & J. C. Gage gave the defendant a mortgage to indemnify him for his liability as surety on a large number of notes, including the note in suit; and to secure their payment, June 25, 1877, the defendant assigned the mortgage to the Penacook Savings Bank, which then held all the secured notes except the plaintiff's note and one other, "to be held by said bank for the same purposes and to secure the same debts and liabilities for which the same was made, and for which I have hitherto held the same." The bank foreclosed the mortgage, sold the property, and applied the avails proportionally to the payment of the notes secured by it. All the moneys paid by the defendant to the plaintiff were the proceeds of this property. The defendant was an officer of the bank, and in that capacity paid the money to the plaintiff.

Whether the plaintiff knew the source from which the money paid to her was obtained, and that the defendant in making the payments was acting in behalf of and as an officer of the bank, were questions in dispute.

The court ruled that whether she knew those facts or not, the payments were evidence competent to be considered by the jury as tending to show a new promise by the defendant, and that on this evidence alone the jury might find such promise. The defendant excepted, claiming that they were not competent evidence in either case.

If the ruling is correct, there is to be judgment for the plaintiff; otherwise the case is to stand for trial without prejudice to either party from any statement of fact herein contained.

*Leach & Stevens*, for the plaintiff.

*W. G. Buxton* and *Bingham, Mitchell & Fletcher*, for the defendant.

CLARK, J. An unqualified, voluntary payment of money is a recognition of an existing liability by the party making it, and the ground upon which a payment by the debtor furnishes evidence of a new promise is, that it shows an acknowledgment of an existing unpaid debt which he is liable and willing to pay. The mere payment of money is not such an acknowledgment. Part payment alone is merely an acknowledgment of indebtedness *pro tanto*. The effect of a payment may be qualified and limited as a new promise may be. *Dodge* v. *Leavitt*, 59 N. H. 245. The efficiency of a payment to avert the effect of the statute of limitations as a bar rests in the conscious and voluntary act of the debtor explainable only as a recognition and confession of the existing liability.

*Blair* v. *Lynch*, 105 N. Y. 636. The principle on which part payment takes a case out of the statute is, that the party paying intended by it to acknowledge and admit the greater debt to be due. *United States* v. *Wilder*, 13 Wall. 254, 256. If the payment is accompanied by acts or declarations showing that the debtor does not intend to pay the remainder of the debt, it will not remove the bar of the statute. It must appear that the payment was a partial one, and made under such circumstances as to show that the debtor understood that he was liable to pay the residue of the debt, and his willingness to pay it. *Brown* v. *Latham*, 58 N. H. 30.

The defendant was a surety for C. & J. C. Gage. The payments upon the note were made by him for the Penacook Savings Bank from funds received by the bank from the sale of property mortgaged by C. & J. C. Gage to the defendant to indemnify him for his liability as surety on this and on other notes held by the bank. The defendant assigned the mortgage to the bank, "to be held by it for the same purposes and to secure the same debts and liabilities" for which it was made. The bank foreclosed the mortgage, and the payments were made by the defendant as an officer of the bank, from funds of the principals obtained from the foreclosure. Therefore the payments were made in fact by the bank for the principals.

A new promise cannot be reasonably inferred from payments made under such circumstances. A payment by an agent with his principal's money is not evidence of the agent's personal liability. The acknowledgment of indebtedness arises from the fact of payment by the party in his own behalf in performance of a personal obligation, and a payment made for another is not such a payment as will warrant the inference of a new promise by the party making it. A part payment by a debtor unaccompanied by any act, declaration, or circumstances showing an intention to limit his acknowledgment of liability to the sum paid, is evidence from which a new promise may be inferred, but such inference is not warranted when it appears that the payment was not intended as an acknowledgment of personal liability, or as an admission of indebtedness beyond the amount of the payment.

The payments made by the defendant were not sufficient evidence of a new promise, and, unless the defendant's conduct was such as to estop him from showing the facts,—a point upon which the case furnishes no evidence,—it is immaterial whether the plaintiff knew the source from which the money was obtained, or the capacity in which the defendant made the payments.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.