IRENE MOFFITT V. JAMES W. CARR.

FILED MAY 6, 1896.   No. 6599.

1. **Payment.** Part payment, within the meaning of section 22 of the
Code of Civil Procedure, is a voluntary payment made by the
debtor himself or by someone authorized ·by ·him to make such
payment.

2. **Statute of Limitations: PAYMENT.** A payment made on a debtor's
note by the sale of his property on execution, or other legal pro-
cess, is not such part payment by the debtor as is declared by said
section 22 of the Code to have the effect of arresting the running
of the statute of limitations.

3. ——: ——. If the trustee, in a deed of trust containing a power
of sale, sells the mortgaged premises and pays the proceeds to the
holder of the note secured by the trust deed, and the latter in-
dorses such proceeds on the note, this is not such part payment
on the note as will take it out of the operation of the statute of
limitations as to the mortgagor. *Campbell v. Baldwin*, 130 Mass.,
199, followed.

ERROR from the district court of Douglas county.
Tried below before OGDEN, J.

The opinion contains a statement of the case.

*Tiffany & Vinsonhaler*, for plaintiff in error:

The trustee's indorsement of a payment did not take
the note out of the operation of the statute of limitations.
(*Clarke v. Chambers*, 17 Neb., 90; *Marienthal v. Mosler*, 16
O. St., 566; *Sornberger v. Lee*, 14 Neb., 193; *Letson v.
Kenyon*, 31 Kan., 301; *Barger v. Durvin*, 22 Barb. [N. Y.],
68; *National State Bank v. Rowland*, 29 Pac. Rep. [Colo.],

465; *Whipple v. Blackington*, 97 Mass., 476; *Bender v. Markle*, 37 Mo. App., 234; *Porter v. Blood*, 5 Pick. [Mass.], 53; *Taylor v. Foster*, 132 Mass., 30; *Haven v. Hathaway*, 20 Me., 345.)

*Otis H. Ballou* and *James W. Carr*, contra.

References: *Stoddard v. Doane*, 7 Gray [Mass.], 387; *Pickett v. King*, 34 Barb. [N. Y.], 193; *Roosevelt v. Mark*, 6 Johns. Ch. [N. Y.], 266; *Winchell v. Hicks*, 18 N. Y., 567; *Mayberry v. Willoughby*, 5 Neb., 370; *Nelson v. Becker*, 32 Neb., 99; *Leach v. Asher*, 20 Mo. App., 656; *Goodfellow v. Stillwell*, 73 Mo., 17; *Marx v. Kilpatrick*, 25 Neb., 107; *Hower v. Aultman*, 27 Neb., 251; *Helper v. Davis*, 32 Neb., 556.

RAGAN, C.

In the state of Missouri, on the 26th of February, 1883, James W. Carr executed and delivered his certain promissory note to one Irene Moffitt, and to secure the payment of said note he executed a trust deed on certain real estate in Missouri to one George S. Baker as trustee. The trust deed provided that in case Carr should fail to pay his note according to its tenor, that upon the request of the holder of said note the trustee, or, in case of his absence, death, refusal to act, or disability in anywise, the then sheriff of Worth county, Missouri, should proceed to advertise the property for thirty days and sell it at public vendue and apply the proceeds of the sale towards the payment of the note. The note made by Carr matured on the 26th of February, 1886, and no part of the principal or interest of the note was ever paid by him afterwards. On the 16th day of October, 1886, the sheriff of Worth county, after having duly advertised the real estate conveyed by the trust deed, sold it at public vendue and paid the proceeds of the sale to the holder of the note, who indorsed the amount of the said proceeds thereon. Irene Moffitt brought this suit in the district court of Douglas county against Carr to recover

the amount of money remaining due on said note. Carr pleaded that he was, and had been for more than five years prior to the bringing of the suit, a resident and citizen of the state of Nebraska; that the cause of action on the note accrued more than five years before suit brought, and interposed and invoked the statute of limitations as a defense to the action. Moffitt replied that Carr had made a payment on the note within five years before suit brought. The payment referred to in the reply was the indorsement on the note of the proceeds of the sale of the real estate conveyed by the trust deed, which was sold on the 16th of October, 1886, as already stated. The jury, in obedience to an instruction of the district court, returned a verdict in favor of Carr, on which a judgment dismissing Moffitt's action was rendered, and she prosecutes here a petition in error.

Section 10 of the Code of Civil Procedure provides that an action on a contract or promise in writing must be brought within five years, and section 22 of the Code provides: "In any cause founded on contract, when any part of the principal or interest shall have been paid, * * * an action may be brought in such case within the period prescribed for the same after such payment," etc. The present suit was brought on the 15th of October, 1891, or more than five years after the maturity of the note, and the defense of the statute of limitations is good, unless the credit of the proceeds of the sale of the lands conveyed by the trust deed, made on the note by the holder thereof on the 16th of October, 1886, was a payment on the note within the meaning of said section 22 of the Code of Civil Procedure. The sole question presented, then, is, Did the sale of the lands conveyed by the trust deed, the payment of proceeds of said sale to the holder of the note, and her crediting said note with said proceeds of the sale on the date thereof, amount to a payment on the note within the meaning of said section 22 of the Code of Civil Procedure?

In *Sornberger v. Lee*, 14 Neb., 193, this court held: "The

receipt and indorsement on a promissory note by the holder of money realized from a collateral left with him by the maker for that purpose will remove the bar of the statute." We have not the slightest doubt of the correctness of that holding; but the decision rests upon the correct principle that the debtor, by delivering to his creditor collateral notes, authorizing him to collect them and indorse the amount of the proceeds on the original note, thereby constituted the holder of the note his agent, and everything that the holder did in the premises was, in effect, the act of the maker of the note. In other words, the transaction amounted to a voluntary payment on the note by the maker. To the same effect is *National State Bank of Boulder v. Rowland,* 29 Pac. Rep. [Colo.], 465.

In *Whitney v. Chambers,* 17 Neb., 90, this court held: "The payment of a dividend by the assignee of an insolvent debtor is not such a part payment as will, under section 22 of the Code, take the residue of the debt out of the statutory limitation as against such debtor." This case is sustained by the great weight of authority, and it was decided and rests upon the principle that the sale of the property of the maker of the note by his assignee, and his application of the proceeds of such sale towards the payment of the note, was not a voluntary payment made on the note by the maker, but was a payment *in invitum.* True, the assignee was in a sense the agent of the maker of the note, but the assignee was nevertheless an agent of the law, one of the instrumentalities provided by the law for disposing of the assets of the insolvent debtor and applying the proceeds thereof towards the payment of his debts. To the same effect are *Roscoe v. Hale,* 7 Gray [Mass.], 274, *Stoddard v. Doane,* 7 Gray [Mass.], 387, *Richardson v. Thomas,* 13 Gray [Mass.], 381, and *Battle v. Battle,* 21 S. E. Rep. [N. Car.], 177.

In *Kallenbach v. Dickinson,* 100 Ill., 427, the supreme court of Illinois held that a payment made by one joint

maker of a promissory note would not arrest the running of the statute of limitations as against the other joint maker. The court said: "In order that Dickinson [one of the joint makers] shall be concluded by the payments of Wenzel [the other joint maker], it must be determined that Wenzel was Dickinson's agent, not only for the purpose of liquidating the note by payment, but also for the purpose of doing what in legal estimation is necessary to make a new promise that will remove the bar of the statute."

In *Hughes v. Boone*, 19 S. E. Rep., 63, the supreme court of North Carolina held: "A partial payment of a judgment made on execution does not interrupt the running of the statute of limitations." To the same effect see *In re Raeder*, 31 Atl. Rep. [Pa.], 929.

The principle upon which the cases last cited rests is that the payments were not voluntary payments made by the debtor, but if they were payments at all they were payments made involuntarily.

In *Harper v. Fairley*, 53 N. Y., 442, the court, in discussing the question under consideration, said: "A part payment, whether made before or after the debt is barred by the statute, does not revive the contract unless made by the debtor himself or by someone having authority to make a new promise on his behalf for the residue."

It is to be observed that section 22 of the Code of Civil Procedure does not say by whom nor under what circumstances a payment must have been made upon a note in order to arrest the running of the statute of limitations, but we think, both upon reason and authority, that part payment, within the meaning of said section of the Code, is a voluntary payment made by the debtor himself or by someone authorized by him to make the payment; and that a payment made on a debtor's note by the sale of his property on execution, or under any legal process whatever, is not such part payment by the debtor as is declared by said section 22 of the Code to have the effect of arresting the running of the statute of limitations.

Had the mortgage made by Carr conveyed lands in the state of Nebraska, had the mortgage been foreclosed, a judicial sale made of the premises, and proceeds of such sale indorsed upon the note in suit, it is quite clear that such indorsement would not have been a part payment on the note within the meaning of the Code, and would not have arrested the running of the statute of limitations; but the trust deed made by Carr conveyed lands in the state of Missouri, and it was competent, under the laws of that state, for a trustee named in the deed of trust, on the request of the holder of the note to secure which the trust deed was given, to advertise the lands for thirty days and sell them to discharge the debt. The trustee, then, in making this sale of these lands in Missouri was as much an instrumentality of the law as would have been the sheriff of this state had the mortgage been made here and the lands sold here at a judicial sale. In other words, Carr has been divested of the title to his property by operation of law, and the indorsement upon the note in suit is not there because of any voluntary payment made by Carr, but there by operation of law.

In *Leach v. Asher*, 20 Mo. App., 656, one division of the court of appeals of the state of Missouri held that part payment by a trustee from the proceeds of a trustee sale of part of a debt secured by the deed of trust did not have the effect of arresting the running of the statute of limitations, while in *Bender v. Markle*, 37 Mo. App., 234, another branch of the court of appeals of Missouri held exactly the reverse. We have not been referred to or been able to find any decision by the supreme court of Missouri upon the question under consideration; but *Campbell v. Baldwin*, 130 Mass., 199, is a case exactly in point, and there the court held: "If the assignee of a mortgage on real estate containing a power of sale sells the mortgaged premises, and after paying the expenses of the sale applies the balance to the mortgage debt, this does not operate as a part payment on the note so as to

take it out of the operation of the statute of limitations as to the mortgagor." In that case, as in the case at bar, the mortgagor had, after mortgaging his real estate, sold and conveyed it to another party, who had assumed and agreed to pay the mortgage. We reach the conclusion, therefore, that crediting the note in suit with the proceeds of the sale of the land conveyed by the trust deed was not a part payment on the note by Carr within the meaning of the statute; that such payment was not a voluntary one on the part of Carr, but one made *in invitum* and by operation of law, and that it did not arrest the running of the statute of limitations. The judgment of the district court is right and is

AFFIRMED.