## WESTINGHOUSE CO. v. BOYLE.

Statute of Limitations — Part Payment of Debt — Foreclosure of Chattel Mortgage.

The application of the proceeds of a chattel-mortgage sale on a note which the mortgage was given to secure is not such a part payment of the debt, under 3 Comp. Laws 1897, § 9744, as will arrest the running of the statute of limitations, since there is nothing to justify the inference of a new promise to pay.

Error to Ingham; Wiest, J. Submitted April 17, 1901. Decided May 21, 1901.

*Assumpsit* by the Westinghouse Company against James Boyle on certain promissory notes. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Black & Dolan*, for appellant:

To the point that the case was taken out of the operation of the statute, counsel cited *Blair* v. *Carpenter*, 75 Mich. 167 (42 N. W. 790); *Sornberger* v. *Lee*, 14 Neb. 193 (15 N. W. 345, 45 Am. Rep. 106); *Moffitt* v. *Carr*, 48 Neb. 403 (67 N. W. 150, 58 Am. St. Rep. 696); *Bank*

v. *Rowland*, 1 Colo. App. 468 (29 Pac. 465); *Haven* v. *Hathaway*, 20 Me. 345; *Porter* v. *Blood*, 5 Pick. 53; *Whipple* v. *Blackington*, 97 Mass. 476; *Taylor* v. *Foster*, 132 Mass. 30.

*L. B. McArthur* (*Thomas, Cummins & Nichols*, of counsel), for appellee:

Cited to the contrary: *Jewett* v. *Petit*, 4 Mich. 510; *Parsons* v. *Clark*, 59 Mich. 417 (26 N. W. 656); *Lester* v. *Thompson*, 91 Mich. 254 (51 N. W. 893); *Sweet* v. *Ellis*, 109 Mich. 466 (67 N. W. 535); *Brown* v. *Latham*, 58 N. H. 30 (42 Am. Rep. 568); *Winchell* v. *Hicks*, 18 N. Y. 558; *Harper* v. *Fairley*, 53 N. Y. 442; *Smith* v. *Ryan*, 66 N. Y. 352 (23 Am. Rep. 60); *Wolford* v. *Cook*, 71 Minn. 77 (73 N. W. 706, 70 Am. St. Rep. 315); *Campbell* v. *Baldwin*, 130 Mass. 199; *Jones* v. *Langhorne*, 19 Colo. 206 (34 Pac. 997); *Gowan* v. *Forster*, 3 Barn. & Adol. 507; *Turney* v. *Dodwell*, 3 Ellis & Bl. 136; *Irving* v. *Veitch*, 3 Mees. & W. 90.

LONG, J.   These two cases were tried as one before a jury, and verdict directed by the court in favor of defendant.   It appears that in 1891 defendant bought a bean thresher of plaintiff for $430, giving a chattel mortgage thereon for the full amount, together with his three promissory notes for $143.33 each, due respectively as follows: December 28, 1891, September 28, 1892, and September 28, 1893,—with interest from maturity.   These notes were secured by the chattel mortgage.   Defendant paid the first note at the time it became due.   In September, 1893, plaintiff called on defendant for payment of the other notes, and he refused to pay on the ground that the plaintiff should repair the machine.   On December 16, 1893, defendant wrote the plaintiff as follows:

"LESLIE, MICH., Dec. 16, 1893.
"WESTINGHOUSE CO.,
          "Schenectady, N. Y.
   "*Gentlemen:* Your Mr. Bates was at my place yesterday; notified me that he was going to sell the bean huller, by chattel-mortgage sale, bought of you in '91, for which you hold two of my notes to the amount of $280, or there-

abouts. As you are aware, I heretofore notified you that I could not do satisfactory work with the machine, and have asked you and your agents repeatedly to repair it up, and I would then willingly pay for it. As you paid no attention to these requests, I delivered the machine to your Mr. Bates at the transfer house at Jackson this fall. I wish to notify you now, before making yourselves any expense, that I am ready and willing to satisfy my notes when you make the machine satisfactory to me or my customers. Unless you do this, I wish to give you notice that I shall pay nothing further on the notes, nor pay any attention to any chattel-mortgage sale you may have. As the notes are both past due, I am entitled to an offset against them, and shall defend myself to the end, in case you should try to collect them by force. If your intentions are strictly honorable, and your State agent would call on me with that intention, before any sale, and arrange to repair this machine up in satisfactory shape, all could be 'made satisfactory; but, until the machine has first been put in A 1 shape, I shall do nothing, so you can act your own pleasure, but please answer this letter. I send this by registered letter, that there may be no mistake about your getting it.        Yours truly,

"JAMES BOYLE."

Thereafter the plaintiff found the machine at the transfer house at Jackson, took it under its chattel mortgage, and proceeded, under the power of sale contained in the mortgage, to sell it. It sold for $25, from which the costs of sale were deducted, leaving a balance of $9.40. The sale was made on December 22, 1893, and reported to the home office in New York, where the plaintiff indorsed on each note $4.70. These suits were commenced on these notes December 7, 1899. It is conceded that the notes were barred by the statute of limitations at the time suit was commenced, unless taken out of the bar by the indorsement on December 22, 1893, of the $4.70 on each.

The contention of counsel for plaintiff is that the notes and mortgage must be taken together, and construed as one transaction; that, under the power of sale contained in the mortgage, it was the right of the plaintiff to sell the security upon default of payment, and, when the sale was made, it was plaintiff's duty to indorse the proceeds

upon the notes; that in making the sale plaintiff was acting as the agent of defendant under the power contained in the mortgage, and that therefore in making the indorsements it was acting for defendant and in his interest; that the indorsements were as much the act of the defendant as though he had made them himself; and that the application of the proceeds of the sale was a good part payment, within the terms of section 9744, 3 Comp. Laws 1897, which provides:

"Nothing contained in the four preceding sections shall alter, take away, or lessen the effect of a payment of any principal or interest made by any person; but no indorsement or memorandum of any such payment, written or made upon any promissory note, bill of exchange, or other writing by or on behalf of the party to whom such payment shall be made or purport to be made, shall be deemed sufficient proof of the payment, so as to take the case out of the operation of the provisions of this chapter."

Counsel cite *Blair* v. *Carpenter*, 75 Mich. 167 (42 N. W. 790), as sustaining this claim. We think not. In that case it was conclusively shown that the agent of Myron Harris turned over the new mortgage, the amount of which was indorsed upon the old mortgage, and that payment operated to take the first mortgage out of the bar of the statute. In the present case, while it may be said that, on the sale of the machine, the plaintiff was bound to indorse the net amount of moneys received upon the notes, it does not follow that in making such indorsement the notes were taken out of the bar. In order that indorsements may have such effect, there must be something in the case to show, or tending to show, a new promise, either express or implied. It cannot be said that by the giving of the chattel mortgage in 1891, containing a power of sale upon default of payment, though the plaintiff, in acting under such power as the agent of defendant, would be bound to apply the proceeds upon the notes, it follows that it was the intention of the defendant to have such payments operate as a renewal of the notes. In other words, there is nothing in these facts

that shows a new promise, either express or implied. In *Jewett* v. *Petit*, 4 Mich. 508, this question was discussed, and the rule stated that unless the debtor renounces the benefit and protection of the statute, and voluntarily makes a new promise to pay the old debt, the bar is not removed. In *Lester* v. *Thompson*, 91 Mich. 254 (51 N. W. 893), it was said:

"The rule is well settled that part payment is but evidence of an admission of an indebtedness; but an admission of an indebtedness, to take the case out of the statute, must be such as reasonably leads to the inference that the debtor intended to renew his promise to pay."

See, also, *Parsons* v. *Clark*, 59 Mich. 417 (26 N. W. 656); *Home Life Ins. Co.* v. *Elwell*, 111 Mich. 689 (70 N. W. 334).

We think these cases are conclusive of the present.

The judgment must be affirmed.

The other Justices concurred.