## UNION STOCKYARDS NATIONAL BANK OF SOUTH OMAHA, NEB., v. MAIKA ET AL.

APPEAL AND ERROR—RECORD—PAPERS IN ANOTHER CAUSE—LIMITATION OF ACTIONS—PART PAYMENT—APPLICATION OF PROCEEDS OF MORTGAGE FORECLOSURE.

1. The original papers and transcript of journal entries in another case between the same parties, not appearing to be a part of the record in the case sought to be reviewed, are improperly sent up and will be stricken from the files and returned.

2. Statutes of limitation affect the remedy and not the cause of action, and in that respect, therefore, an action on contract is governed by the law of the forum.

3. When the fact that the action is barred by the statute of limitations appears on the face of the petition, the objection may be raised by demurrer.

4. An involuntary part payment does not have the effect of arresting the running of the statute of limitations upon a demand founded on contract.

5. The running of the statute of limitations upon a note is not arrested by the application thereon, under an order of court on foreclosure, of the proceeds of the sale of the property mortgaged to secure its payment.

[Decided December 7, 1907.]                    (92 Pac., 619.)

ERROR to the District Court, Johnson County, HON. CARROLL H. PARMELEE, Judge.

The action was brought in the district court by the Union Stockyards National Bank of South Omaha, Nebraska, against Amil L. Maika and Emma Maika. Judgment was rendered in favor of the defendants, and the plaintiff prosecuted error. The facts are stated in the opinion.

*Allen G. Fisher,* for plaintiff in error.

The petition states a valid cause of action. It does not appear that defendants were residents of Wyoming prior to January, 1905, when they were served with summons at their residence and it does appear on the petition that prior to that time, at the making of the notes and the time of the order against them, July, 1904, they were residents of Nebraska, hence no statute of limitations ran in their favor.

This was an action begun in December, 1904, upon a foreign judgment given July 23, 1904. No statute of limitations runs against it. Moreover, there was on file in the case at the time an answer sworn to by Amil L. Maika, on February 3, 1905, acknowledging the making of the notes and not denying the giving of the judgment thereon. This was a new acknowledgment in writing, and in this record, of the original cause of action, and it was inequitable to permit a general demurrer to be filed to the petition when this answer stood with plaintiff's demurrer against it. It was an abuse of discretion to take away from the plaintiff the benefit of the acknowledgment of indebtedness.

Judgment by the Nebraska court giving plaintiff leave to sue is a binding judgment that a valid cause of action thereon at that time existed in favor of plaintiff and against defendants, to which full faith and credit should be given. The leave to sue must be obtained from the court which rendered the judgment, and the fact of its having been granted must be set forth in the declaration or complaint. (Wilson v. Tucker, 105 Ia., 55; Bank v. Gaslin, 41 Minn., 352; Bladinger v. Turkowsky, 36 Misc., 822; Van Arsdale

v. King, 33 N. Y. Supp., 858; Ins. Co. v. Gage, 13 N. Y.
Supp., 837; Kendall v. Briley, 86 N. C., 56; Warren v.
Warren, 84 N. C., 614; Brock v. Kirkpatrick, 60 S. C.,
322; Cole v. Mitchell, 77 Wis., 131; McClenahan v. Cotten,
83 N. C., 332; Graham v. Scripture, 26 How. Pr., 501;
Watts v. Everett, 47 Ia., 269; Underhill v. Phillips, 51 N.
Y. Supp., 801.)

A judgment is not a "specialty" or "contract, agreement
or promise in writing," within the meaning of those terms
as used in statutes of limitations; but actions on judgments
are commonly limited by statutes specially applicable to
them. If the statute is applicable to "judgments" generally,
it includes domestic as well as foreign judgments. But such
statutes are ordinarily limited to judgments rendered by
courts of record, including the probate courts, and to such
as are final and capable of enforcement by execution or in
the nature of money judgments. (Haupt v. Burton, 21
Mont., 572; Meek v. White, 26 Wash., 491; Bank v.
Lucas, 26 Wash., 417; Mooers v. R. Co., 58 Me., 279;
Woodman v. Somerset County, 37 Me., 29; Meade v. Bow-
ker, 168 Mass., 234 (46 N. E., 625); Bannegan v. Murphy,
13 Metc., 251; Vincent v. Watson, 40 Pa. St., 306; Wright
v. Dunklin, 83 Ala., 317 (3 So., 597); Barnes v. Marin,
23 Ill. App., 68; Walling v. Howell, 34 La. Ann., 1104;
Preston v. Christin, 4 La. Ann., 102; Contra: Smith v.
Shawhan, 37 La., 533; Schmil v. Schmil, 4 O. C. C., 38 (2
O. C. Dec., 406); Burd v. McGregor, 2 Grant (Pa.), 353;
Crim v. Kessing, 89 Cal., 478; Epperson v. Robertson, 91
Tenn., 407.)

The statute begins to run against a judgment from the
date of its rendition or entry, provided it is then final and
stable and is not stayed or superseded for any cause, and
in computing the period of limitations the day on which
the judgment was entered is to be excluded. But where an
action on a judgment is expressly prohibited or would not
be entertained by the courts until after the lapse of a certain
time or the occurring of a particular event the statute does

not begin to run until the accrual of a cause of action upon it. When a judgment is rendered, payable in installments, the statute of limitations begins to run from the time fixed for the payment of each installment for the part then payable. (Niblack v. Goodman, 67 Ind., 174; Kimball v. Whitney, 15 Ind., 280; David v. Porter, 51 Ia., 254; Tyler v. Winslow, 15 O. St., 364; Hazzard v. Nottingham, Tapp. (Ohio), 160; Goodin v. McArthur, 7 Ohio Dec., 611; Kaufman v. Richardson, 37 So., 673 (Ala.); Brearly v. Norris, 23 Ark., 169; Hicks v. Brown, 38 Ark., 469; Reay v. Heazelton, 128 Cal., 335; Mason. v. Cronise, 20 Cal., 211; Harrier v. Bassford, 145 Cal., 529; Root v. Moriarty, 30 Ind., 85; King v. Manville, 29 Ind., 134; Larned v. Dubuque, 86 Ia., 166; Wooster v. Bateman, 126 Ia., 552; Davidson v. Simmons, 11 Bush. (Ky.), 330; Beckham's Succession, 16 La. Ann., 352; Rice's Succession, 15 La. Ann., 649; Kemp v. Cornelius, 14 La. Ann., 301; Snyder v. Hitchcock, 94 Mich., 313; Kannard v. Alston, 62 Miss., 763; Snell v. Rue, 101 N. W., 10 (Neb.); Matter of Warner, 56 N. Y. Supp., 802; Delavan v. Florence, 9 Abb. Pr., 277; Dickson v. Crawley, 112 N. C., 629; McDonald v. Dickson, 85 N. C., 248; Barringer v. Allison, 78 N. C., 79; Tyler v. Winslow, 15 O. St., 364; Stevens v. Stone, 94 Tex., 415; Wilcox v. Austin First Nat. Bank, 93 Tex., 322; Bignold v. Carr, 24 Wash., 413; Dickson v. Crawley, 112 N. C., 629; Guiter v. Sain, 91 N. C., 304; Braxton v. Wood, 4 Gratt., 25; Coe v. Finlayson, 41 Fla., 169; Winter v. Tounoir, 25 La. Ann., 611; R. Co. v. Whitaker, 22 La. Ann., 209; Johnson v. Foran, 59 Md., 460; Warner v. Bartle, 22 Misc., 488; Herlich v. McDonald, 104 Cal., 551; Edwards v. Hellings, 103 Cal., 204; Trenouth v. Farrington, 54 Cal., 273; Borer v. Chapman, 119 U. S., 587; McConnico v. Stallworth, 43 Ala., 389; Bank v. Lucas, 26 Wash., 417; Thacher v. Lyons, 70 Vt., 438; Feeney v. Hinckley, 134 Cal., 467; Peoria County v. Gordon, 82 Ill., 435; Williams v. Preston, 3 J. J. Marsh., 600; Wills v. Gibson, 7 Pa. St., 154; Galt v. Todd, 5 App.

Cas., 350; Warren v. Slade, 23 Mich., 1 (9 Am. Rep., 70);
Bank v. Bayles, 45 N. Y. Supp., 305; Cook v. Moore, 95
N. C., 1; Weiser v. McDowell, 93 Ia., 772; Predohl v.
O'Sullivan, 50 Neb., 311; De Uprey v. De Uprey, 23 Cal.,
352.)

*E. E. Enterline* and *Alvin Bennett,* for defendants in
error.

Counsel for plaintiff in error now contends that the action
was brought to recover upon a deficiency judgment and
seeks to construe the petition as supporting that kind of an
action. The petition contains on its face—"petition upon
note"—and two notes are set forth. If the action was
sought to be brought upon a deficiency judgment, the neces-
sity of setting forth the notes is not perceived; but the
petition is fatally defective whether brought upon the notes
or judgment. Construing the pleading liberally, we believe
the action was brought to recover the balance due on the
two notes, but the petition fails to allege what, if any, own-
ership the plaintiff had in the notes. It is alleged specifically
in the petition that leave was given to the plaintiff to sue
upon the notes and deficiency upon them. This, in connec-
tion with the fact that the notes are set forth, clearly indi-
cates that the pleader is seeking to set forth a cause of
action upon the balance claimed to be due upon the notes.

It clearly appears from the petition that the notes are
barred by the statute of limitations. (R. S. 1899, Sec. 3454;
Cowhick v. Shingle, 5 Wyo., 87.) The application of the
mortgage proceeds, if any were made within five years
prior to the commencement of the action, does not toll the
statute. (Moffitt v. Carr (Neb.), 67 N. W., 151.)

The petition is clearly insufficient to support an action
upon a deficiency judgment. (Clapp v. Maxwell (Neb.),
14 N. W., 653; D. P. Co. v. Mervis (Neb.), 4 N. W., 1059;
Tolman v. Smith, 85 Cal., 280; Meehan v. Bank, 62 N.
W., 490.)

SCOTT, JUSTICE.

This action was commenced in the district court of Johnson County on December 28, 1904, to recover upon an alleged balance claimed to be due from defendants in error to plaintiff in error upon two certain promissory notes. A demurrer was interposed to the petition, and after argument and due consideration the court sustained the demurrer, to which ruling the plaintiff excepted and elected to stand upon its petition. Judgment was rendered against the plaintiff and it brings the case here on error.

1. The defendants in error have filed a motion to strike certain papers from the files as not being a part of the transcript or record in this case. The judgment complained of was rendered in a case docketed as No. 711 in the court below and the original papers and transcript of the journal entries therein have been properly certified and returned to this court. In addition to these the original papers and transcript of journal entries in another case between the same parties and entitled the same, but bearing the docket number 677 in the court below, have been certified and returned by the clerk of that court. As it is the judgment in the former case which is here sought to have reviewed, it is apparent that the files and journal entries in docket No. 677 are improperly here. The motion will be granted and the clerk of this court is directed to return to the clerk of the district court of Johnson County the files and certified journal entries in case No. 677.

2. From the petition it appears that at South Omaha, Nebraska, on August 19, 1898, the defendants in error for value received made, executed and delivered their joint and several promissory note to R. Becker and Degan, whereby they promised to pay $5,100 one year from date, with interest at the rate of 10 per cent per annum. At the same place on August 30, 1898, they executed to the same payee and on the same terms their joint and several promissory note for the sum of $4,050. Both of these notes were endorsed to the plaintiff in error. A real estate mortgage was

given by defendants in error to plaintiff in error to secure the payment of these notes, upon real estate owned by them and situated in Dawes County, Nebraska. Thereafter and upon default in the payment of said notes and interest, plaintiff in error instituted suit for foreclosure of said mortgage in the district court of Dawes County, in the State of Nebraska, and such proceedings were had that judgment and decree of foreclosure was entered in that court. The judgment is not set out in *haec verba,* but from the allegations of the petition that court rendered its judgment or decree *in rem,* but no personal judgment for deficiency after applying the proceeds of the mortgaged property on the notes was rendered. The action is for a balance claimed to be due upon the notes after allowance of credit for proceeds of sale of the mortgaged property.

The dates of the notes were August 19th and 30th, 1898, respectively, and as each note was due one year from its date, more than five years had elapsed since the notes became due and the time of the commencement of this action. Statutes of limitation go to the remedy and not to the cause of action, and such being the case an action upon a contract is governed by the *lex fori* or the law of the place where the action is brought. (25 Cyc., 1018, and cases there cited; 33 Cent. Dig., tit. "Limitation of Actions," § 4.) The time within which an action could be maintained upon these notes is fixed by Section 3454, Revised Statutes of 1899. That section is as follows: "Within five years an action upon a specialty or any agreement, contract or promise in writing, and on all foreign claims, judgments or contracts, expressed or implied, contracted or incurred before the debtor becomes a resident of this state, action shall be commenced within two years after the debtor shall have established his residence in this state." It is apparent from the allegations of the petition that these notes were barred by the statutes unless the application of the proceeds of the mortgaged property arrested the running of the statute, and the sufficiency of the petition in that respect may be and

was raised by demurrer. (Cowhick v. Shingle, 5 Wyo., 87; Marks v. Board, 11 Wyo., 488; Col. S. & L. Association v. Clause, 13 Wyo., 166.) Section 3466, Revised Statutes of 1899, is as follows: "When payment has been made upon any demand founded on contract or a written acknowledgment thereof, or promise to pay the same, has been made and signed by the party to be charged, an action may be brought thereon within the time herein limited, after such payment, acknowledgment or promise."

In Cowhick v. Shingle, *supra,* this court held that a partial payment by one or two parties jointly and severally liable upon a promissory note was not sufficient under Section 3466 above quoted to suspend the running of the statute in favor of the other. The question is fully discussed and the authorities are reviewed as to what is sufficient to toll the statute. Mr. Justice Clark, who delivered that opinion, after reviewing many cases, said: "In some of the above cases the acknowledgment or partial payment relied upon to take the case out of the statute was made before the bar of the statute had become complete; but in my judgment there is no distinction in principle between the legal effect of payment made before or after the bar of the statute had attached; in either case the legal effect thereof is to create a new cause of action. * * * Upon the whole case I am of the opinion that the true construction of our statute, Section 2381, Revised Statutes of 1887 (which is identical in language with Section 3466, Revised Statutes of 1899), is that given by the supreme court of Ohio in Kerper v. Wood, 48 O. St., at page 621, viz.: 'A payment, an acknowledgment or promise in writing will not avail to take the case out of the statutory bar unless made by a party to be charged thereby, or an agent authorized for that express purpose.'" (See also Bergman v. Bly, 66 Fed., 40.) In construing a statute of similar import the supreme court of Nebraska, in Whitney v. Chambers, 17 Neb., 90 (22 N. W., 229), held that "the payment of a dividend by the assignee of an insolvent debtor is not such a part payment as will,

under Section 22 of the code, take the residue of the debt out of the statutory limitation, as against such debtor." That court said later in reference to that decision: "This case is sustained by the great weight of authority, and it was decided and rests upon the principle that the sale of the property of the maker of the note by his assignee and his application of the proceeds of such sale towards the payment of the note was not a voluntary payment made on the note by the maker, but was a payment *in invitum,*  *  *  * and by operation of law." (Moffitt v. Carr, 48 Neb., 403; 67 N. W., 151; 58 Am. St. Rep., 696.)   In Hughes v. Boone, 19 S. E., the supreme court of North Carolina held: "A partial payment of a judgment made on execution does not interrupt the running of the statute of limitations." In Harper v. Fairley, 53 N. Y., 442, the court said: "A part payment, whether made before or after the debt is barred by the statute, does not revive the contract, unless made by the debtor himself or by someone having authority to make a new promise on his behalf for the residue." In Moffitt v. Carr, *supra,* there was a foreclosure of a trust deed or mortgage under a power of sale contained therein upon land situated in Missouri, and the holder of the note endorsed the amount of the proceeds upon the note and it was held not sufficient to arrest the running of the statute. The authorities uniformly support the rule thus announced, though there is a difference of opinion in the adjudicated cases as to the effect of the application by the creditor of the proceeds of collateral security to the payment of the debt. An examination of those cases shows that where such application has been made pursuant to express authority it was regarded as the act of the maker of the note and thus constituted a part payment within the definition of the statute. That question, however, is not presented and need not be discussed further. The court further said: "Had the mortgage made by Carr conveyed lands in the State of Nebraska; had the mortgage been foreclosed, a judicial sale made of the premises, and the proceeds of such sale

indorsed upon the note in suit—it is quite clear that such indorsement would not have been a part payment on the note, within the meaning of the code, and would not have arrested the running of the statute of limitations." Wherever the question has arisen in a foreclosure sale under a power contained in the mortgage the courts, with the exception of one case in Missouri, which has since been repudiated, have proceeded upon the theory that the act of the creditor in such case represents no voluntary affirmative act on the part of the debtor from which a promise to pay could be reasonably implied. In support of this rule and as to what constitutes a part payment within the meaning of the statute may be cited the following cases, viz.: Holmquist v. Gilbert (Colo.), 92 Pac., 232; Wolford v. Cook, 71 Minn., 77; Lang v. Gage, 65 N. H., 173 (18 Atl., 795); Gibson v. Lowndes, 28 S. Car., 285; Campbell v. Baldwin, 130 Mass., 199; Moffitt v. Carr, *supra;* Westinghouse Co. v. Boyle, 126 Mich., 677 (86 Am. St. Rep., 570; 86 N. W., 136); Regan v. Williams, 80 Mo. App., 577, overruling Bender v. Markle, 37 Mo. App., 234; 19 A. & E. Ency. of Law (2d Ed.), 328, and Vol. 3 of Supplement, and cases cited in foot notes; 25 Cyc., 1370, and cases there cited; 33 Cent. Dig., tit. "Limitation of Actions," Sec. 631, and cases there cited. The application of the proceeds of the sale to the payment of the notes was by order of the court, and the most that can be said is that it operated as a payment *pro tanto.* It did not revive the unpaid balance, or arrest the running of the statute, for it was an enforced part payment made pursuant to the order of the court and in accordance with a judgment *in rem,* and in so far as the makers of the notes are concerned was an involuntary payment. (Gibson v. Lowndes, *supra;* Thomas v. Brewer, 55 Ia., 227; Benton v. Holland, 58 Vt., 533 (3 Atl., 332.) In Lang v. Gage, *supra,* the rule is thus stated: "Part payment alone is merely an acknowledgment of indebtedness *pro tanto.* * * * The efficiency of a payment to avert the effect of the statute of limitations as a bar rests in the

conscious and voluntary act of the debtor explainable only as a recognition and confession of the existing liability. * * * It must appear that the payment was a partial one, and made under such circumstances as to show that the debtor understood that he was liable to pay the residue of the debt, and his willingness to pay it." To the same effect is Blair v. Lynch, 105 N. Y., 636. In Campbell v. Baldwin, *supra,* the court say: "In the case at bar, the plaintiff executed a mortgage in which he gave to the mortgagee a power to sell the estate and to appropriate the proceeds to the payment of the mortgage debt. But this cannot be fairly construed as an authority to the mortgagee to make a new promise on behalf of the mortgagor to pay the debt, so as to avoid the statute of limitations." So in the case before us the action of the district court of Dawes County, Nebraska, was limited to an interpretation and adjudication of the rights of the parties under the mortgage, and no jurisdiction existed in the court, and the makers of the note did not create nor was anyone authorized, so far as the petition shows, to create a new liability on their part.

It follows that the order of the district court in sustaining the demurrer to the petition was correct and that the judgment should be affirmed.                     *Affirmed.*

POTTER, C. J., and BEARD, J., concur.