71 223
111 691

JUSTUS LITTLEFIELD v. PHEBE DINGWALL AND GEORGE DINGWALL.

*Husband and wife—Contracts of married woman—Surety—Joint debtors—Payment—Statute of limitations.*

1. A wife, whose only interest in her husband's business is that of a creditor for money put into the business, is not liable on their joint note given in payment of a debt due from the husband to the payee, and to secure a loan used in payment of other debts of the husband.

2. A payment by one joint debtor from his own means, on the joint obligation, will not save the running of the statute of limitations as to the other debtor.

So *held*, where the property of a wife, mortgaged to secure her husband's debt, was sold, and the proceeds paid by her on his note, which she had signed as surety, he not being present, and having nothing to do with the sale or payment.

Error to Wayne. (Gartner, J.) Argued June 15, 1888. Decided July 11, 1888.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Howell & Torrey* (*Edward S. Grece,* of counsel), for appellant, contended:

1. If the husband caused the wife's property to be sold, and procured the money from her to be applied on the note, and he so understood it, he is as much bound by the payment as if he had handed the money to the plaintiff personally, as his own money, and requested him to indorse it on the note; citing *Mainzinger v. Mohr,* 41 Mich. 685.

2. A married woman may contract in relation to her own property, as if unmarried; citing How. Stat. § 6295; and the only question is whether there is a direct relation between her contract and her property; citing *De Vries v. Conklin,* 22 Mich. 255; *West v. Laraway,* 28 Id. 464; *Russel v. Savings Bank,* 39 Id. 671;

*Johnson v. Sutherland,* Id. 579; *Schlatterer v. Nickodemus,* 51 Id. 626; *Reed v. Buys,* 44 Id. 80; and cases cited in *Edwards v. McEnhill,* Id. 162.

3. If there were any substantial testimony tending to prove the liability of defendants, or of either of them, it should have been submitted to the jury; citing *Conely v. McDonald,* 40 Mich. 150; *Lazenby v. Omo,* 50 Id. 52.

4. It is immaterial whether the wife was a regular partner,—her money and property were in the business, and to that extent she was interested therein; citing *Noel v. Kinney,* 106 N. Y. 74.

5. A wife is liable when her money or property is involved, and when any consideration moves to her; citing *Glover v. Alcott,* 11 Mich. 470; *Tillman v. Shackleton,* 15 Id. 447; *Emery v. Lord,* 26 Id. 431; *Johnson v. Sutherland,* 39 Id. 579.

6. A husband and wife may freely engage in business ventures in this State; citing *Randall v. Randall,* 37 Mich. 572; *Edwards v. McEnhill,* 51 Id. 160.

7. A wife may not so mingle her property with that of her husband that it is not easy to separate it, and escape liability upon her contracts relating to her affairs when so associated; citing *Glover v. Alcott,* 11 Mich. 470; *Carew v. Mathews,* 49 Id. 302.

*Wilkinson & Post,* for defendants, contended :

1. One joint contractor w"[1] not lose the benefit of the statute of limitations by reason *only* of a payment made by the other; citing How. Stat. § 8730, which section has been considered in *Sigler v. Platt,* 16 Mich. 206; *Holcomb v. Sloan,* 39 Id. 173; *Rogers v. Anderson,* 40 Id. 290; *Mainzinger v. Mohr,* 41 Id. 685; *Gates v. Fisk,* 45 Id. 522.

2. If, as the plaintiff distinctly testifies, the consideration of the note was a debt of the husband, and money loaned to him, the wife was not liable on the note. (No authorities cited.)

CHAMPLIN, J.   Suit was brought in the Wayne circuit court against defendants upon the following promissory note:

"$700.                    DETROIT, September 8, 1877.

" Two years after date we promise to pay to the order of Justus Littlefield seven hundred dollars at his office, value received, with ten per cent. interest; interest pay-

able semi-annually. This note is collateral to mortgage bearing even date herewith.      PHEBE DINGWALL.
"GEO. DINGWALL."

Said note is indorsed on the back as follows:

"February 8, 1882.
"Received on the within note $300, being what mortgaged property sold for by Dingwall.
"J. LITTLEFIELD."

The defendants pleaded separately; Phebe Dingwall pleaded the general issue, and George Dingwall gave notice under his plea of the statute of limitations.

On the trial, plaintiff was sworn, and testified in his own behalf that the consideration of the note was a balance due him from George Dingwall of something over $150, and the rest was cash loaned to him.

It appeared that Phebe was the wife of George Dingwall, and signed the note with her husband, and at the same time gave a mortgage upon her separate property, being a house and lot in Marshall, as security. Mrs. Dingwall afterwards sold the property for $300, and turned the avails over to plaintiff, and he discharged the mortgage, and indorsed the amount upon the note. No other payments were made. Plaintiff testified that he told George Dingwall that he had indorsed the $300 on the note, and he replied, "All right."

George Dingwall gave testimony, on behalf of defendants, tending to show that he was, at the time the note was given, in the grocery business at the corner of Montcalm and Beaubien streets; that his wife was interested in that business, not as a partner, but she had put means of her own in the business; and that the money borrowed from plaintiff went to pay the debts of the grocery business.

Conrad Clippert, who advised with Mrs. Dingwall in relation to the sale, testified

"They had failed in business, Mr. Dingwall and Mrs. Dingwall. They could not raise the money, and I guess Mr. Littlefield insisted on having something, or wanted a deed of the property; and then I advised her to execute a deed, * * * and this I understood was to be a final settlement of the claim of $700."

The court charged the jury that Mrs. Dingwall could not be held upon the note, for the reason that she could not become personally liable upon the promise to pay her husband's debt, and the payment and indorsement upon the note from the avails of the mortgaged property did not take the case out of the statute of limitations as to George Dingwall, and directed a verdict for the defendants.

We perceive no error in this charge. The testimony, when given its broadest latitude, only went to show that Mrs. Dingwall was interested merely as a creditor of her husband, and not as joint owner with her husband in the grocery business. The plaintiff did not regard her as jointly interested with her husband when he loaned Mr. Dingwall the money and took the note. He understood that she was pledging her separate property to secure her husband's debt, and, so far as the note was concerned, she stood in the relation of surety to him. Mr. Dingwall was not present when the property was sold and the money turned over by Mrs. Dingwall, and he had nothing to do with that transaction.

Had she been liable on the note as a joint debtor, the payment made by her from her own means would not have saved the case from the operation of the statute as to him. He has made no payment, and no written promise to pay the note. Six years elapsed after the maturity of the note and before suit and the statute is a bar to a recovery as against him.

The judgment must be affirmed.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.