WILLIAM L. WOLFORD and Others v. JACOB H. COOK.[1]

January 6, 1898.

Nos. 10,782—(213).

Statute of Limitations—Part Payment—Proceeds of Collateral Securities.

Contemporaneously with the execution of the note in suit the defendant, as collateral security for its payment, assigned to Peter Wolford and the plaintiffs certain notes and mortgages against third parties under an agreement that, when collected or realized on, the proceeds should be applied on defendant's note. Within six years before the commencement of this action, Wolford and the plaintiffs having previously realized on the securities, applied the proceeds on the note, and gave notice of the fact to the defendant, who made no objection to such application. *Held*, that the application of the proceeds of the collaterals did not constitute a part payment which would interrupt the statute of limitations.

Same—Payment by Transfer of Securities.

If a debtor voluntarily, and in the absence of any circumstances repelling the inference of an implied promise to pay the whole debt, transfers to his creditor new and additional collateral securities for the payment of his debt, the proceeds of which, when realized on, to be applied towards its payment, it will constitute a "part payment," which will interrupt the running of the statute, as of the date of the transfer of the securities.

Same—Evidence.

The evidence on this question should have been submitted to the jury.

Appeal by plaintiffs from an order of the district court for Hennepin county, Jamison, J., denying their motion for a new trial. Reversed.

[1] Reported in 73 N. W. 706.

*Armstrong Taylor*, for appellants.

*Jacob H. Cook* and *Welch, Hayne & Hubachek*, for respondent.

MITCHELL, J.

This action was brought in February, 1897, by the legatees under the will of Peter Wolford, deceased, to recover a balance claimed to be due on a promissory note dated March 9, 1889, and payable seven months after date. It is conceded that the note was barred by the statute of limitations, unless the running of the statute had been interrupted by partial payments. The plaintiffs rely upon two alleged payments as having that effect. These we will consider separately.

1. Contemporaneously with the execution of the note in suit, and as part of the same transaction, the defendant assigned to Peter Wolford and the plaintiffs, as collateral security, certain notes and mortgages against third parties under an agreement that, if Wolford or the plaintiffs had to foreclose the mortgages, they should bid in the mortgaged premises for the full amounts due thereon, and, if no redemption was made from the sales within the year, they should then credit defendant on his note with the amounts for which the property was sold. These collateral mortgages were foreclosed, and the premises bid in by Wolford and the plaintiffs on February 17, 1890, and one year thereafter Wolford applied the amount on defendant's note, and subsequently sent him a statement showing that credit and the balance due on the note, to which the defendant never made any objection.

The principle upon which part payment of a debt will take a case out of the statute is that such payment amounts to an acknowledgment of the existence of the debt, from which the law implies a new promise to pay the balance. To have that effect, the payment must be voluntarily made by the debtor in person who is sought to be charged with the effect of it, or by some one authorized by him to make a new promise on his behalf. It has been held, or at least intimated, in some cases, that a sale of collaterals made within a reasonable time after they are deposited with the creditor, and the application of the proceeds on the debt, will operate as a part payment at the date of the receipt of such proceeds, so as to interrupt

the operation of the statute. This doctrine rests upon the mistaken idea that the creditor is thereby made the agent of the debtor for the collection or sale of the collaterals, ignoring the fact that the creditor cannot be made the agent of the debtor to such an extent as to make an act done by him operate as a new promise to himself, without which element a payment can never operate to remove the bar of the statute. Wood, Lim. Act. § 101.

Wolford's right to receive the proceeds of the collateral mortgages, and apply them in part payment of defendant's note, was acquired under and by virtue of the contract made at the time the collaterals were transferred to him. His subsequent exercise of that right was not a voluntary payment made by the defendant from which a promise to pay the residue can be inferred. The defendant had done nothing since he transferred the collaterals to Wolford in March, 1889. The fact that he made no objection when informed by Wolford that he had applied the proceeds of these collaterals on his note could not take the case out of the statute. He had no reason to object, and, if he had done so, it would have been futile. Wolford had merely exercised a contract right which he acquired in 1889. Defendant's passive acquiescence in the exercise of that right constituted neither a voluntary payment as of that date, nor a new promise in writing to pay the balance of the debt. Harper v. Fairley, 53 N. Y. 442; Smith v. Ryan, 66 N. Y. 352; Brown v. Latham, 58 N. H. 30.

Some of the cases may be misleading for the reason that they seem to lay some stress on the fact that the debtor never knew of, and consequently never assented to, the application by the creditor of the proceeds of the collaterals. If the debtor had any option in the matter, or any power to object effectively to the application, there would be some force in the suggestion that his assent to it amounted to a voluntary payment by him as of that date. But this cannot be so where the creditor is merely exercising an absolute legal right under the original contract.

2. At the time the note in suit was executed, and as part of the same transaction, the defendant, as additional collateral security for its payment, procured to be conveyed certain improved real estate to Peter Wolford. While this conveyance was in form an

absolute deed, it is conceded that it was in fact merely a mortgage, and created between the parties the relation of mortgagor and mortgagee. The defendant remained in possession of the property, and in the receipt of the rents, until in 1893, when the plaintiffs claimed and took possession, collected the rents, and applied them upon the note in suit.

The evidence bearing on this branch of the case is very indefinite and unsatisfactory, and very little attention is paid to it in the briefs of counsel. There is evidence tending to show that Wolford and the plaintiffs claimed the right to collect the rents and apply the proceeds on the note by virtue of some agreement between them and the defendant, made contemporaneously with the execution of the mortgage. If so, the agreement was not enforceable. Cullen v. Minnesota, 60 Minn. 6, 61 N. W. 818. But there is also evidence tending to show that the defendant voluntarily let the plaintiffs into possession for the purpose of collecting the rents and applying them on the note, thus placing them in the position of mortgagee in possession. This would amount to the giving of new and additional security for the payment of the debt. It is not necessary, for the purpose of interrupting the statute, that the part payment should be in actual money. A payment in goods may be sufficient for that purpose. So, the indorsement and delivery by the debtor of the note of a third party as collateral security for his indebtedness to another, the proceeds when collected to be applied on the debt, may operate as a payment sufficient to take it out of the statute. Wood, Lim. Act. § 112.

Hence, if the defendant voluntarily, and in the absence of any circumstances tending to rebut the inference of an implied promise to pay the whole debt, turned over the rents and profits of the mortgaged premises to Wolford and the plaintiffs, to be by them applied, when collected, on the note in suit, this would, in law, amount to such a part payment as would interrupt the statute. As already suggested, circumstances might rebut the inference of any implied promise to pay the balance of the debt, as, for example, if the defendant was merely submitting to the exercise by Wolford and the plaintiffs of an enforceable legal right acquired under a prior contract, or if Wolford and the plaintiffs were asserting and

claiming such a right, and the defendant yielded to the claim honestly believing that they had such a right, to which he was legally compelled to submit. The evidence on this branch of the case should have been submitted to the jury under proper instructions. On the first branch of the case there was nothing to submit to them.

Order reversed.