(88 N. W. Rep. 273.)

WALLACE GROVENOR *vs.* GEORGE A. SIGNOR, *et al.*

Opinion filed Dec. 4, 1901.

**Negotiable Instruments—Joint Debtors—Limitations.**

· This action originated in a justice's court, and is brought upon a promissory note executed and delivered by the defendants, and payable to the plaintiff. The note matured, by its terms, on October 1, 1889, but the complaint alleges that certain amounts were paid on the note in the years 1892, 1894, and 1895. The note, in its language, is strictly a joint obligation, and contains no words importing a several liability. The note is concededly outlawed unless the running of the statute has been interrupted by said alleged payments thereon. The defendants appeared and answered separately. The answer of Elmer L. Signor raised certain issues of fact, but did not set up the statute of limitations as a defense to the action. George A. Signor, by his answer, denied making the alleged payments, and, after stating that he never paid anything on the note, set out the statute in bar of the action. To this answer the plaintiff demurred on the ground that the same did not state facts sufficient to constitute a defense. The justice sustained the demurrer. *Held*, that such ruling was error.

**Payment by One Joint Debtor—Effect as Revivor.**

A payment made by one joint debtor does not operate as a new promise which will interrupt the running of the statute as against another joint debtor.

**Supplemental Answer—Separate Judgments.**

The issues of fact raised by the answer of E. L. Signor were, against the objection of George A., tried first and separately, and a judgment was entered against E. L. S. for the amount of the note. After the entry of such judgment, George A. filed a supplemental answer, setting out as a defense the fact that judgment in the action for the full amount claimed had been rendered, and that for this reason no further proceedings could be had in the action against him. A demurrer to the supplemental answer for insufficiency was sustained by the justice, and the defendant George A. stood on his two answers, whereupon the justice entered judgment against George A. for the amount due by the terms of the note. Whether this ruling sustaining the demurrer last mentioned was error, not decided, for reasons stated in the opinion.

**Demurrer to Answer Overruled.**

George A. Signor alone appealed to the district court from the judgment entered against him by the justice, and such appeal was taken upon questions of law alone. The appellant specified two errors of law in his notice of appeal, viz: That the justice erred in sustaining the plaintiff's demurrer to the appellant's separate answer; and, secondly, that it was error to sustain the demurrer to the supplemental answer of the appellant. The district court, after

'hearing counsel upon the questions of law presented by the notice of 'appeal, entered an order overruling 'both of said demurrers, and thereupon, without hearing any evidence, directed the entry of a judgment reversing the judgment of the justice entered against George A. Signor; and also directed the entry of a judgment dismissing the action as against George A. Signor, with costs, and judgment was entered accordingly in the district court. From such judgment plaintiff has appealed to this court. *Held,* that the order of the district court overruling the demurrer to the separate answer of George A. Signor, in which answer the statute of limitations was pleaded, was a proper order.

**Issue of Fact for Jury.**

*Held,* further, construing § § 6771a, 6779, Rev. Codes 1899, that the district court erred in not proceeding to hear the evidence of the parties to determine whether the defense of the statute of limitations, as set out in the answer of George A. Signor, was true in fact.

**Trial in District Court.**

*Held,* further, the decisions overruling the two demurrers operated to reopen the case for the trial of issues of fact within the meaning of § 6771a, supra.

**New Trial Ordered.**

*Held,* further, that the judgment of the district court must be reversed, and the case remanded for further proceedings in the district court.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Wallace Grovenor against George A. Signor and Elmer L. Signor. From a justice's judgment in favor of plaintiff against E. L. Signor, which was reversed on appeal to the district court, plaintiff appeals. Reversed.

*Pollock & Scott,* (*Smith Stimmel,* of counsel) for appellant.

It was proper for the court to render a several judgment against Elmer L. Signor, one of the defendants, and proceed to the determination of the separate issues raised by the separate answer of the other defendant. Subd. 3, § 5481, and Subd. 3, § 5251 Rev. Codes; *Hempy* v. *Ransom,* 33 O. St. 312; *Roby* v. *Rainsberger,* 27 O. St. 674; *McIntosh* v. *Ensign,* 28 N. Y. 169. The question whether or not payment by one joint debtor arrests the running of the statute of limitations as to the other is to be determined upon the question as to whether the payment was made with the knowledge and consent of the other. *Clarbin* v. *Brown,* 83 N. W. Rep. 352; *Granville* v. *Young,* 85 Ill. App. 167. The common law rule that in actions against joint defendants on contract, the judgment must be against all or none, is subject to the exception that where one joint debtor pleads matter which goes to his personal discharge, or which is a bar to the action as against himself alone, and of which his co-defendant could not take advantage, judgment may be entered for such defendant, it being only essential that the defense be so pleaded as a personal defense. 11 Enc. Pl. & Prac. 850; *Fuller* v. *Robb,* 26 Ill.

246; *Baker* v. *Cocks,* 50 N. Y. 689; *Coe* v. *Hamilton,* 1 Morris, (Ia.) 319; *Hathaway* v. *Crocker,* 7 Metc. 262.

· *William B. Douglas,* for respondent. ·

Plaintiff in pleading on a contract against which the statute of limitations has run must plead the exceptions that take it out of the statute. Bliss on Code Pleading. § 205 and note 206; *Humbert* v. *Rector,* 7 Paige Ch. 195; *Sublette* v. *Tiney,* 9 Cal. 423. It is good pleading to allege that an act was done by the principal, without reference to the agent, even though in fact it was done by the agent. Maxwell Code Pl. 78; Bliss Code Pl. § 158; *Bennett* v. *Judson,* 21 N. Y. 238. The act of an agent is the act of the principal, and a payment made by an authorized person, or a payment made by an unauthorized person on account of another, which the latter afterwards assents to binds him so that it has the same legal effect as though made by himself. *Clarkin* v. *Brown,* 83 N. W. Rep. 351; *Bank* v. *Ballou,* 49 N. Y. 155. The note alleged in the pleading is a joint obligation. § § 3917, 3766, Rev. Codes; Bliss Code Pl. § 91; Pom. Rem. § 275; 1 Chit. Pl. 41. When an exception is necessary to constitute a cause of action it must be alleged by the plaintiff. Bliss Code Pl. § 202, note 194; *Baptist Church* v. *Ry. Co.,* 6 Barb. 313; *People* v. *Board,* 40 Barb. 626; *Toledo, Etc., Ry. Co.* v. *Pence,* 68 Ill. 524. Hence it was necessary for George A. Signor to plead that the contract was not what, on its face, it purported to be § 3917, Rev. Codes. The payment by one of two joint obligors does not suspend the running of the statute of limitations as to the other. Angell on Limitations, 608; Wood on Limitations, 608; *Cowhick* v. *Shingle,* 25 L. R. A. 608; *Bell* v. *Morrison,* 26 U. S. 351; *Van Keuren* v. *Parmelee,* N. Y. 523; 1 Waite's Pr. 65. The payment must be made by the debtor himself, or by his duly authorized agent, to prevent the running of the statute. *Shoemaker* v. *Benedict,* 11 N. Y. 177. Statutes of limitations passed through several stages of interpretation. Formerly they were considered as raising a presumption of payment. Later the statute was looked upon as one of repose. Now the statute has become one in bar. § 110 N. Y. Code Proc.; § 5154, Gen. St. of Minn.; § 5220, Rev. Codes; *Whittaker* v. *Rice,* 9 Minn. 14, 86 Am. Dec. 78; *Willoughby* v. *Irish,* 27 N. W. Rep. 379. In adopting the New York statute we adopted the New York interpretation of it. *Cathcart* v. *Robinson,* 5 Peters, 265; *McDonald* v. *Hovey,* 110 U. S. 619; *Pennock* v. *Doalogue,* 2 Peters, 1; *Cass Co.* v. *Security Imp. Co.,* 7 N. D. 528, 75 N. W. Rep. 775. It is held in New York that a payment by one of the joint obligors does not suspend the running of the statute as to the other. *Van Keuren* v. *Parmelee,* 2 N. Y. 523, 51 Am. Dec. 331; *Shoemaker* v. *Benedict,* 11 N. Y. 177, 65 Am. Dec. 95; *Murdock* v. *Waterman,* 145 N. Y. 55; *Willoughby* v. *Irish,* 35 Minn. 63, 27 N. W. Rep. 378. A partial payment upon an obligation by one of two joint obligors before the statute has run will not prevent the running of the statute as to the other. *Murdock* v. *Waterman,*

105 N. Y. 55; *Harper* v. *Fairley*, 53 N. Y. 442. And this is the general rule. *Wilson* v. *Torbet*, 21 Am. Dec. 635; *Lowther* v. *Chappell*, 42 Am. Dec. 643; *Burr* v. *Williams*, 20 Ark. 188; *Biscoe* v. *Jenkins*, 10 Ark. 116; *Cooper* v. *Wood*, 27 Pac. Rep. 886; *Tate* v. *Clements*, 26 Am. Rep. 709; *Meitzer* v. *Todd*, 39 N. E. Rep. 1046; *Kallenback* v. *Dickinson*, 100 Ill. 438, 39 Am. Rep. 53; *Davis* v. *Mann*, 43 Ill. 302; *Oleson* v. *Wilson*, 52 Pac. Rep. 373; *Maybery* v. *Willoughby*, 5 Neb. 370; *Kerper* v. *Wood*, 48 O. St. 621; *Hance* v. *Hair*, 25 O. St. 349; *Bush* v. *Stowell*, 10 Am. Rep. 694; *Muse* v. *Donelson*, 36 Am. Dec. 309; *Turner* v. *Thomp*, 17 S. E. Rep. 324. In an action upon a joint contract, plaintiff cannot sever the trial and take a separate judgment on the merits against one of the defendants and afterwards a separate judgment against the other joint defendant upon the same cause of action. § § 5261, 5481, 5633, Rev. Codes; Bliss Code Pl. § 92; 1 Freeman, Judgments, § 43; *Smith* v. *Black*, 9 Serg. & R. 142; *Mason* v. *Eldred*, 6 Wall. 231; *Johnson* v. *Lough*, 22 Minn. 203; *Niles* v. *Battershall*, 27 How. Pr. 381; *Black Hills Natl. Bank* v. *Kellogg*, 4 S. D. 313, 56 N. W. Rep. 1071. If this action had been against either of the defendants alone plaintiff could not recover, because the claim is upon a joint obligation, and all obligors were required to be joined. § 5232, Rev. Codes; Pom. Rem. § § 277, 278, 299. A failure to unite all the joint promisors could be taken advantage of by a plea in abatement or demurrer. Bliss Code Pl. § § 62, 92, 231; Maxwell Code Pl. 49, 372; *Hudson* v. *Archer*, 55 N. W. Rep. 1099; § 5268, Rev. Codes; *Niles* v. *Battershall*, 27 How. Pr. 381. A judgment against one of several joint debtors merges the cause of action in the judgment and bars an action against the other joint debtors. *Oakley* v. *Aspinwall*, 4 N. Y. 513; *Candee* v. *Smith*, 93 N. Y. 349; *Mason* v. *Eldred*, 6 Wall. 231; 6 Notes on U. S. Reports, 830; *Ferrald* v. *Bradford*, 50 Am. Dec. 293; *Benson* v. *Payne*, 17 How. 408.

WALLIN, C. J. This action originated in a justice's court, and is based upon a promissory note, which note is admitted to have been executed by the defendants, and delivered by them to the plaintiff. So far as material the note reads: "Casselton, Dakota, Nov. 9th, 1889. October 1st after date, with exchange, we promise to pay Wallace Grovenor one hundred sixty-four and 3-100 dollars." The complaint alleges that payments had been made on the note in the years 1892, 1894, and 1895, and judgment was demanded for the balance due, with interest, after deducting the total of such payments. The defendants appeared before the justice of the peace, and filed separate answers to the complaint. The answer of the defendant Elmer L. Signor raised certain issues of fact, which issues will not be further mentioned. The separate answer of George A. Signor embraced a copy of the note, and, after admitting the execution and delivery of the same said answer contained a denial that defendant (George A.) ever made the payments on the notes as stated in the complaint, and further alleged that he never made any payment or payments on the

note. Said answer further alleged that the cause of action set out in complaint did not accrue within six years before the commencement of the action. To this separate answer the plaintiff filed a demurrer upon the ground that the same did not state facts sufficient to constitute a cause of action. After the issues were so framed, the justice of the peace, against the objection of the defendant George A. Signor severed the trial of the action, and proceeded to separately try the issues of fact arising upon the answer of the defendant Elmer L. Signor, and in which trial George A. was not allowed to participate. At the conclusion of such separate trial a judgment was entered against Elmer L. Signor for the amount claimed in the complaint, with costs of suit. After said judgment was entered, the defendant George A. Signor filed a supplemental answer, which embraced an allegation to the effect that the plaintiff was barred from proceeding further against him in the action, for the reason that the plaintiff had already recovered a judgment in this action for the full amount claimed against his co-defendant and joint obligor, Elmer L. Signor, To the supplemental answer the plaintiff filed a demurrer on the ground that the facts stated therein did not constitute a defense to the cause of action stated in the complaint, whereupon the justice adjourned court, and later, and on the adjourned day, such proceedings were had that the justice entered an oredr sustaining said demurrers to the said answer and the said supplemental answer of George A. Signor. Said George A. Signor stood upon his said answer and supplemental answer whereupon the plaintiff offered said note in evidence, and rested his case, and the defendant George A. rested his case without offering evidence. Thereupon the justice entered judgment in the action in favor of the plaintiff and against the defendant George A. Signor for the amount claimed in the complaint, with costs. The defendant George A. Signor appealed from said last-mentioned judgment to the district court, and such appeal was taken on questions of law alone. In the notice of appeal the appellant specified the errors of law of which he complained substantially as follows: First, that the said magistrate erred in sustaining the plaintiff's demurrer to the separate answer of the appellant, and in not permitting the appellant to defend the action upon the facts alleged in the said separate answer of George A. Signor; second, that the magistrate erred in sustaining the demurrer to the supplemental answer of the appellant, and in not permitting the appellant to defend the action upon the facts set out in the supplemental answer. It further appears that the appellant's case was heard and determined in the district court upon questions of law alone, and that in disposing of the case that court's order for judgment directed, in substance, that the demurrers of the plaintiff to the appellant's separate answer and supplemental answer should be severally overruled, and the judgment entered by the justice against the appellant should in all things be reversed, and that the action as against the appellant should be dismissed, with costs to be taxed in favor of the appellant, George A. Signor. Judgment was

entered in the district court in conformity to such order, from which judgment the plaintiff has appealed to this court.

The errors assigned in this court by the plaintiff and appellant are as follows: (1) The district court erred in overruling the plaintiff's demurrer to the separate answer and supplemental answer of George A. Signor; (2) The district court erred in not affirming the judgment of the justice of the peace, and in dismissing the action as against George A. Signor; (3) the district court erred in not directing said action to be tried on its merits as to said George A. Signor. The facts narrated will suffice to raise the questions of law presented for determination.

In sustaining the demurrers to the answer and supplemental answer of George A. Signor the court of original jurisdiction necessarily decided that the facts set out in said answers were not sufficient to constitute a defense to the plaintiff's cause of action, and, when said defendant stood on such answers, and did not offer to amend the same, it was at least logical, from the standpoint of the justice, to enter judgment for the amount due on the note; and that is what was done by the justice. On appeal to the district court from such judgment, that court, under the notice of appeal, was required to consider and decide two questions of law, and no more, viz.: (1) Whether the justice erred in sustaining the plaintiff's demurrer to the separate answer of George A. Signor, and (2) whether the justice erred in sustaining the demurrer to the supplemental answer of George A. Signor. Both of these questions, as appears by the order directing a judgment, were expressly ruled upon in the district court. That court overruled the justice, and entered an order overruling each and both of the demurrers to said separate answers. In this ruling the district court adjudged, necessarily, that the facts stated in said answers did constitute a defense to the cause of action stated in the complaint. But it is our opinion that the conclusion reached by the trial court, if sound and legal, did not warrant the order for a dismissal of the action against George A. Signor, which order was entered then and there without a hearing upon the facts and merits in the district court. As we see the case, the order overruling the demurrers to the two answers operated only as a judicial determination that the facts stated in the answers, if established by evidence, constituted a defense to the plaintiff's cause of action. But this holding certainly did not go further, and adjudicate that the allegations in said answers were not only sufficient in law, but were also severally true in fact. In our judgment, the effect of overruling the demurrers was to leave an issue of fact yet to be tried. From the nature and effect of the order overruling these demurrers we are clearly of the opinion that the case would fall within the letter and spirit of the following provision of the statute regulating appeals to the district court: "When the decision of the district court reopens the case for the trial of an issue of fact the decision shall direct that the action shall be retained and placed

on the calendar of the court for trial accordingly as in other cases; and thereupon the parties may be allowed to serve and file any pleadings that may be necessary or proper within such time as the court deems reasonable." See § 6771a, Rev. Codes 1899. Section 6779, Id., declares: "The action shall be tried anew in the district court in the same manner as actions originally commenced therein." In actions commenced in the district court, in which issues of law are framed, such issues are, as a rule, first determined; and when, in such cases, the decision of the legal issues leaves questions of fact undetermined, the court will in due course proceed to hear and determine the questions of fact. This familiar rule of practice is clearly voiced in the statute governing appeals from justice's court, from which we have quoted above.

From the briefs filed by counsel in this court we are led to believe that the district court held that the note in suit is strictly a joint obligation, and is not a joint and several obligation; and, further, that the note was barred, as against George A. Signor, because he, by answer, denied that he had personally made the payments set out in the complaint, and alleged that he had made no payments whatever on the note. But, as we have said, these vital allegations of fact were never established by any evidence offered in this action. It is true that the demurrers admitted the facts pleaded in the answer of George A. Signor, but such admission was made for the purposes of the demurrers only, and, when the demurrers were overruled and held for naught in the district court, the answers were intact, and the same raised issues of fact upon which the litigants were severally entitled to a trial upon the facts and merits. The separate answer of George A. Signor set out the statute of limitations in bar of the action, but to sustain this defense it was essential that his averment that he had made no payments on the note should be established by competent testimony, and any such testimony could, of course, be controverted by the plaintiff, and under the statute from which we have quoted the trial court, in the exercise of its discretion, could have allowed other issues to be framed in the district court after the demurrers were overruled. The case was in the district court for trial anew.

In our investigations of the case we have been greatly aided by the briefs of counsel, but, as this court has reached the conclusion that the case must be remanded to the district court for further proceedings, it is not deemed necessary or expedient to discuss all the questions which arise upon the record; and hence we shall consider but one further matter. We have reached the conclusion that the note in suit, upon all the facts appearing of record, is a joint note, and is not a joint and several obligation. The instrument, as written, embraces no terms from which this court can infer as a matter of law that the same is joint and several. Nor do the pleadings lend color to any such conclusion. Neither the complaint nor the separate answer of George A. Signor embraced a suggestion, much less an

averment, that each and both of the defendants received a benefit from the consideration for which the note was executed. The pleadings, therefore, as well as the note itself, show that the obligation was joint, and not joint and several. The note, by its terms, imposed an obligation to be performed by several persons; and hence, under the mandate of the statute, the courts are bound to presume that the note is a joint, and not a joint and several, obligation. Section 3766, Rev. Codes 1899. We have seen that no facts appear in the record whereby this note can be brought within the exception to this rule, as provided in § 3917, Id. Both parties, by their pleadings, have elected to stand upon the note as it was written; and this election, in our opinion, precludes the courts from holding otherwise. Section 3766, supra.

The remaining question is whether the facts set out in the separate answer of George A. Signor, if established, constitute a bar to the action as against him. The action was commenced more than six years after the maturity of the note, and hence the same is barred by the statute, unless the time has been extended in some manner. George A. Signor pleads the statute in bar of the action, and alleges that he never at any time made a payment on the note. We have assumed that the district court held that this defense was valid in law, and this court has reached the same conclusion. There is considerable conflict of authority upon this point, both in England and in this country; but the decided weight of modern authority will support our conclusion. *Oleson* v. *Wilson*, 20 Mont. 544, 52 Pac. Rep. 372, 63 Am. St. Rep. 639; *Hance* v. *Hair*, 25 Ohio St. 349; *Mayberry* v. *Willoughby*, 5 Neb. 368, 25 Am. Rep. 491; *Littlefield* v. *Dingwall*, 71 Mich. 223, 39 N. W. Rep. 38; *Kallenbach* v. *Dickinson*, 100 Ill. 427, 39 Am. Rep. 47; *Cooper* v. *Wood*, 1 Colo. App. 101, 27 Pac. Rep. 884; *Van Keuren* v. *Parmelee*, 2 N. Y. 523, 51 Am. Dec. 322; *Murdock* v. *Waterman*, 145 N. Y. 55, 39 N. E. Rep. 829, 27 L. R. A. 418; *Harper* v. *Fairley*, 53 N. Y. 443; *Shoemaker* v. *Benedict*, 11 N. Y. 177, 62 Am. Rep. 95; *Willoughby* v. *Irish*, 35 Minn. 63, 27 N. W. Rep. 379, 59 Am. Rep. 297; *Bell* v. *Morrison*, 1 Pet. 351, 7 L. Ed. 174. The cases cited from the states of New York and Minnesota are decisive authority here, inasmuch as they are decided under a statute identical in language with that in this state. See Rev. Codes N. D. 1899, § 5220. The courts in the cases cited, in construing this statute, hold that a payment upon a debt is equivalent to a new promise resting upon the original consideration. But when such payment is made by one joint debtor such payment does not operate as a promise binding any one except the debtor who makes or authorizes the payment, and this rule is based upon the theory that the relation of agency does does not arise upon the mere relation of joint or joint and several debtors.

Counsel have devoted a good deal of time and attention to the question of whether the supplemental answer contains a defense to plaintiff's cause of action, and this question, as presented upon this re-

cord, is one of some degree of nicety; but, inasmuch as the case must, in any event, be remanded to the district court for further proceedings, we do not deem it advisable or proper at this time to pass upon this question. The issues to be presented to the district court at the next hearing of the case cannot be anticipated with any degree of certainty for the reason that the trial court, on motion therefor, may deem it advisable to allow the pleadings to be amended and upon such amendment, if made, the fact may appear that the note in suit, while joint in form, is, in its legal effect, a joint and several obligation.

The judgment of the district court will be reversed, and the case remanded for further proceedings in that court. All the judges concurring.