P. BALLANTINE & SONS, A CORPORATION, APPELLANT,
v. THOMAS MACKEN, RESPONDENT.

Submitted March 22, 1920—Decided June 14, 1920.

The collection of the promissory note sued upon was barred by the statute of limitations. The chattel mortgage given as collateral therewith was thereafter foreclosed, and the amount realized was applied by the creditor on the note, without the mortgagor's consent. *Held*, that the statute having barred the collection of the note, the maker's right of protection from liability thereon became thereby vested and that the obligation could not be revived without his consent.

On appeal from the Essex County Circuit Court.

For the appellant, *John A. Miller*.

For the respondent, *Thomas F. A. Griffin*.

The opinion of the court was delivered by

MINTURN, J. To secure the payment of a promissory note for $600 dated April 1st, 1904, payable one day after date, made by defendant, payable to plaintiff, the defendant executed a chattel mortgage to the plaintiff. In due course the note was barred by the statute of limitations. The mortgage was thereafter resorted to by defendant to make good the amount of the indebtedness, and upon a sale the chattels covered by it brought $65, which sum, less the expenses of the sale, was credited by the plaintiff on the note, leaving the amount claimed to be due thereon $560.

Suit was then instituted on the note for the balance, and the suit was met with an answer pleading *inter alia* the statute of limitation. The trial court nonsuited, and the inquiry presented upon this appeal is whether after the running of the statute the note may be revived by the creditor's application of a payment thereon, derived from the sale under the chattel mortgage, where the latter contains a provision, as in

this instance, authorizing the sale and empowering the mortgagee "to sell and dispose of the same for the best price the plaintiff could obtain, and out of the money arising therefrom to retain and pay the said sum above mentioned, and all charges touching the same, rendering the surplus (if any) unto me the party of the first part," &c.

Our attention has been directed in the briefs to cases where the inquiry presented was whether during the time covered by the validity of the note, it was within the legal right of the mortgagee to exercise the power of sale conferred by the mortgage, and by an application of the mortgage proceeds on account, stay the running of the statute. We are not, however, called upon in this inquiry to determine that question, for, obviously, the substantial inquiry here presented is whether a legally extinct obligation may be revived at the pleasure of the creditor, by the application of the proceeds realized from the sale of a collateral obligation, and we are referred to no authority sustaining the affirmative of that proposition.

The rule is institutional and fundamental that a party who has become released from a demand, by the operation of the statute, is protected against its revival by a change in the limitation law, the defence of the statute being considered a vested right, which cannot be taken away by legislation without violating the inhibition of the fourteenth amendment to the federal constitution. *Campbell* v. *Holt,* 115 *U. S.* 620; *Moore* v. *State,* 43 *N. J. L.* 203; *Board of Education* v. *Blodgett,* 155 *Ill.* 441; *Attorney-General* v. *Revere Copper Co.,* 152 *Mass.* 444; *Louisville Co.* v. *Buchanan,* 117 *Ky.* 975.

As was declared by the United States Supreme Court in *Von Hoffman* v. *Quincy,* 4 *Wall.* 535, "Without the remedy the contract may, in the sense of the law, be said not to exist."

The rule is well settled that to arrest the running of the statute before its expiration, the part payment of the indebtedness must be the voluntary act of the debtor, or made in pursuance of his consent or direction. *Richardson* v. *Thomas,* 13 *Gray (Mass.)* 381; *Brown* v. *Latham,* 58 *N. H.* 30; *Brooklyn Bank* v. *Barnaby,* 197 *N. Y.* 210.

*A fortiori,* therefore, it may be declared that after the right

to sue upon the obligation has been legally extinguished, the creditor cannot impart legal vitality to the obligation, so as to revive it by his independent act; and in the light of this reasoning it has been held that the payment in such a situation must be made by the debtor himself or by an authorized agent. *Shanks* v. *Louthan,* 79 *Kan.* 363; *Patterson* v. *Collier,* 113 *Mich.* 12; *Murdoch* v. *Waterman,* 145 *N. Y.* 55; *Stockyards Bank* v. *Maika,* 16 *Wyo.* 141.

In furtherance of this doctrine it has also been enunciated that a creditor cannot be made the agent of the debtor, *in invitum,* so as to make an act done by him in the name of the debtor operate as a new promise to himself. *Wolford* v. *Cook,* 71 *Minn.* 77.

So, it has been held that neither an amount collected by a creditor and credited without authority on the debtor's account, nor an item disconnected from the account and applied thereon, can be effective to put the statute in motion so as to revive the defunct obligation. *Cashmar-King Supply Co.* v. *Dowd,* 146 *N. C.* 191; *Campbell* v. *Baldwin,* 130 *Mass.* 199.

Finally, a definitive statement of the concrete rule established by the cases, and applicable to the present situation, is that enunciated by the Supreme Court of Massachusetts, in the last-cited case: "In the case at bar the plaintiff executed a mortgage in which he gave to the mortgagee a power to sell the estate, and to appropriate the proceeds to the payment of the mortgage debt. But this cannot fairly be construed as an authority to the mortgagee to make a new promise on behalf of the mortgagor to pay the debt so as to avoid the statute of limitations."

It follows, therefore, that the judgment appealed from must be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 13.

*For reversal*—None.