McKEON, Appellant, v. EWERT, Respondent.

(226 N. W. 754.)

(File No. 6618. Opinion filed September 20, 1929.)

*Fuller & Robinson,* of Pierre, for Appellant.
*Sutherland, Payne & Linstad,* of Pierre, for Respondent.

BROWN, J. Defendant and A. W. Ewert executed and delivered to Thomas McKeon an instrument of which the following is a copy:

"2000.00                                   Pierre, S. D., Oct. 1, 1917.

"On the 1st day of October, 1918, without grace, I promise to pay Thos. McKeon, or order, two thousand and no-100 Dollars, at the Minnehaha National Bank of Sioux Falls, South Dakota,

value received, with interest at the rate of seven per cent per annum from date until paid. The drawers and indorsers of this note severally waive presentment and notice of protest and guarantee its payment at any time after maturity.

"[Signed]    A. W. Ewert
"Carrie E. Ewert."

After maturity the instrument was indorsed and transferred to plaintiff, after which $1,000 was paid on the principal, and interest was paid from time to time by A. W. Ewert and the time of payment extended by plaintiff on such payments being made. The last payment was made on December 20, 1924, which paid interest to March 1, 1925, and payment of the note was at that time extended to March 1, 1925. Defendant knew nothing of any of these payments or extensions and gave no consent thereto and did not acquiesce therein in any manner. This action was begun on the note against her alone on December 15, 1926, a year prior to which time A. W. Ewert had been adjudged a bankrupt.

■ Among other defenses, defendant pleaded the statute of limitations, and the court found that the cause of action against defendant was barred by the six year statute of limitations (Rev. Code 1919, § 2298), and from a judgment in accordance with this finding plaintiff appeals.

Appellant concedes that there is a conflict of authority on the question whether payment of interest by one comaker of a promissory note tolls the statute of limitations as to the other maker, and he likewise concedes that the weight of authority, numerically at least, is against his position, but he asks this court to adopt the minority rule because, as he says, that is the common-law rule, and in the absence of statute to the contrary the common law prevails in this jurisdiction. He says we have no statute clearly at variance with this common-law rule, and that "it is a rule of universal application that statutes in derogation of the common law will be strictly construed." He appears to have overlooked section 10656 of the Revised Code 1919, which says: "The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to this code. This code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice."

Section 2275 provides that no acknowledgment or promise is sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of the statute of limitations, "unless the same be contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

It is clear that under this statute one comaker of a note could not toll the statute as to his comaker by a written acknowledgment or promise signed by him alone, and we think a proper construction of the provision as to the effect of payment of principal or interest so as to effect the object of the statute requires that such payment be made or acquiesced in by the party to be charged. In other words, that payment of principal or interest by one comaker does not toll the statute as to the other, not participating or acquiescing in such payment. This is the rule adopted in North Dakota under statutes the same as ours, in Grovenor v. Signor, 10 N. D. 503, 88 N. W. 278.

Appellant makes the further contention that the statute of limitations is waived by the concluding clause in the note: "The drawers and indorsers of this note severally waive presentment and notice of protest *and guarantee its payment at any time after maturity.*"

He contends that the italicized clause is an agreement to pay the note at any time *within reason* after maturity, and further contends that this clause constituted each maker, a guarantor of the obligation of the other, and that since the time was extended as to A. W. Ewert until March 1, 1925, there was no default as to him until that date, and respondent's liability under her guaranty therefore did not accrue until that date, so that the action against her on the guaranty was brought within less than six years after the accrual of the cause of action. We think this argument is more ingenious than substantial. The note fell due on October 1, 1918. The last clause, guaranteeing its payment, added nothing to the first clause, promising its payment on October 1, 1918, and we think the trial court properly held that the cause of action against defendant on the note was barred by the statute of limitations.

The judgment is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.