NILSSON, et al., Appellant v. KIELMAN, et al., Respondents

(17 N. W.2d 918.)

(File No. 8745. Opinion filed March 14, 1945.)

**T. R. Johnson,** of Sioux Falls, for Plaintiffs and Appellants.

**Louis H. Smith,** of Sioux Falls, for Defendant and Respondent Ethel E. Kielman.

ROBERTS, Judge. February 17, 1926, defendants executed and delivered to plaintiffs their promissory note for $4,000 payable August 1, 1926. The note bears five endorsements of payments between the dates of December 3, 1931 and February 20, 1943. Action was commenced on June 25, 1943. The trial court granted the motion of defendant Ethel E. Kielman for a directed verdict on the ground that as to her the action was barred by the six year statute of limitations (SDC 33.0232), and from the judgment entered thereon plaintiffs have appealed.

Payments of $1,121.26 on January 19, 1940, and $74.40 on February 20, 1943, endorsed on the note, are the only payments claimed to have been made within six years immediately preceding the commencement of this action. These payments resulted from the sale of a grocery store in January, 1932. Plaintiff M. T. Nilsson testified: "The endorsement of January 19, 1940, is for the equity that they (defendants) had in the house. * * * When they closed up, they traded this stock and fixtures, the balance they had, for this building. * * * Title was taken in our name. * * * It was understood they would take this building off our hands, at some time. So we held it that way until at this time he said they could not take it over. * * * So then we figured out what their credit was and gave them credit for it. * * * The endorsement of $74.40 represents an account that we collected. * * * When they traded the store for this building it was understood that these accounts were all to be turned over to us and as we collected them we should credit them on this note." The court sustained objection to the competency of defendant L. L. Nilsson to testify that defendant Ethel E. Kielman consented to these transactions. Defendants were divorced in October, 1940. We think it unnecessary to determine whether the immunity given to communications between husband and wife applies to the conditions here presented. The result would have been the same had this evidence been admitted.

The claim of plaintiffs is that the several payments started the running of the statute from the time of each payment. Defendant Ethel E. Kielman contends that it was from the date of the transfer of the property and accounts in 1932; that the direction to collect and apply proceeds did not carry with it authority to renew or extend the debt.

 It appears from the provisions of SDC 33.0213 that an acknowledgment or promise to be effectual to interrupt the running of the statute of limitations must be in writing and signed by the party to be charged, but this requirement does not alter or take away the effect of a part payment. It is the settled law of this state that a part payment to be effectual to interrupt the statute must have been voluntary and must have been made and accepted under circumstances consistent with an intent to pay the balance. McCarthy Bros. Co. v. Hanskutt, 29 S. D. 535, 137 N. W. 286, Ann. Cas. 1914D, 889; Wangsness v. Berdahl, 69 S. D. 586, 13 N. W.2d 293; F. M. Slagle & Co. v. Bushnell, 70 S. D. 250, 16 N. W.2d 914. Payments made by a joint debtor bind only the person making the payments and do not operate to interrupt the running of the statute as to the other debtors not participating or acquiescing in the payments. McKeon v. Ewert, 55 S. D. 545, 226 N. W. 754; McNamee v. Graese, 61 S. D. 46, 245 N. W. 924. The principle on which a part payment operates to take a debt without the statute is that the debtor by the payment intends to acknowledge the continued existence of the debt.

 The agreement with reference to the amount of the credit on January 19, 1940, constituted neither a new promise in writing nor a part payment as of that date. It is the fact of voluntary payment made by the debtor and not entry of credit that interrupts the running of the statute. Nor did the collection of the account amounting to $74.40 give new life to the debt. Plaintiffs were authorized to collect the accounts and apply the proceeds to payment of the debt, but this did not have the same effect as if made personally by defendants. There is no vital distinction between such a case and one where money received by the payee of a note from collateral security such as notes and mortgages of third persons pledged by the maker is credited on the principal

note. Such payment does not interrupt the running of the statute. Brown v. Latham, 58 N. H. 30, 42 Am. Rep. 568; Wolford v. Cook, 71 Minn. 77, 73 N. W. 706, 70 Am. St. Rep. 315; Ballantine & Sons v. Macken, 94 N. J. L. 502, 110 A. 910, 10 A. L. R. 836; Hoffman v. Sheahin, 73 App. D. C. 374, 121 F.2d 861, and see Annotations in 10 A. L. R. 838 and 25 A. L. R. 58. The underlying reason for the doctrine is that a creditor is not the agent of the debtor to such an extent as to make an act done by him in the name of the debtor operate as a new promise to himself without which element the payment cannot operate to interrupt the statute.

Judgment appealed from is affirmed.

All the Judges concur.